Alexandria
# RUSSELL T. MASON
## v.
# COMMONWEALTH OF VIRGINIA
No. 0357-86-4
Decided November 1, 1988

COUNSEL

Jack A. Robbins, Jr., for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

KEENAN, J. — On November 4, 1987, we issued an opinion in this case addressing all issues which had been briefed and argued. On January 14, 1988, we granted appellant a rehearing and withdrew the opinion in order to reconsider: (1) whether we employed the proper standard for evaluating whether the trial court's error in instructing the jury was harmless; and (2) whether the Commonwealth in this case was subject to the provisions of Rule 5A:18. We find that: (1) we employed the proper standard of determining harmless error, but for different reasons than set forth in our November 4, 1987 opinion; and (2) the Commonwealth was not subject to Rule 5A:18. Accordingly, we modify and reissue our prior opinion.

I.

At the trial, evidence was presented that the victim, David White, received a large head wound on March 8, 1985, during an altercation in a shopping mall. On March 11, 1985, White and another witness viewed a photographic array and identified Mason as the perpetrator. Following their identification, a warrant was obtained charging Mason with malicious wounding.

Mason was not arrested until November 28, 1985. A preliminary hearing was held, at which time his trial date was set for January 29, 1986. The facts relevant to this appeal occurred in the pretrial stage and the jury instruction stage, including subsequent questions by the jury.

Mason was indicted by the grand jury on January 21, 1986, and a motion for discovery was filed the next day. Discovery was ordered to be made on or before January 27, 1986, two days before trial. Mason's counsel went to the prosecutor's office at 4:15 p.m. on January 27, 1986, to receive the discovery materials allowed by the trial court's order. She left the prosecutor's office at about 5:00 p.m. after being informed that the prosecuting attorney was unavailable. All of the Commonwealth's discovery material was made available by 9:00 a.m. the next day.

Included in the discovery material obtained from the Commonwealth was an incriminating oral statement made by Mason to the arresting officer. The substance of that oral statement was that he "had cut a white dude with a bottle who had said something to him." Mason's attorney stated that prior to this disclosure, she had no knowledge of such a statement.

On the day of trial, Mason's counsel made a motion for a continuance. She based her motion on the fact that the oral statement was a surprise and that discovery was late. She argued that she needed more time because "[m]aybe there's something else out there" to explain the statement. The trial court denied the continuance motion.

The trial then proceeded without incident relevant to this appeal until the jury was given its instructions. The instruction at issue in this appeal defined malice. It provided:

> The court instructs the Jury that Maliciously means intentionally doing a wrongful act to another without legal excuse or justification. Maliciously implies that the mind of the actor is under control of reason. It excludes heat of passion. Malice and heat of passion cannot co-exist. It includes not only anger, hatred or revenge, but every unlawful or unjustifiable motive.

> Malice may be inferred from any willful, deliberate and cruel act against another.

> An unlawful act is a wrongful act done intentionally but without malice.

After the jury began its deliberations, it sent two questions to the trial judge:

"What is control of reason? — is this being drunk?"

"What is heat of passion? — is this for a lover?"

The trial court asked both the prosecutor and Mason's counsel for suggestions on how to answer the jury's questions. Mason's counsel requested time to research the issue. The trial judge denied her request and stated, "I'll do something." The jury was

then returned to the courtroom.

The trial judge addressed the jury as follows:

Frankly, I almost choke every time I read this heat of passion business to the jury because I am not sure what it is. The definition should be broadly interpreted by you.

The trial court further instructed the jury to read the instruction as a whole without overemphasizing any particular part.

The jury retired but was immediately brought back by the trial judge. He then instructed the jury:

If you are unable, as a jury, to give this instruction as a whole a broad interpretation, if you are unable to agree in what it means with those two phrases in there, *take those two phrases out* and look at the instruction without them in there and make a decision based on that.

(emphasis added). The jury retired once more and returned a guilty verdict fourteen minutes later. Mason's counsel did not object to the trial court's modification of the instruction.

## II.

■ Mason first argues that the trial court erred in refusing to grant him a continuance. Whether a continuance should be granted is a matter submitted to the trial court's discretion, and its decision will not be disturbed on appeal unless it is plainly wrong. *Lomax v. Commonwealth*, 228 Va. 168, 172, 319 S.E.2d 763, 765 (1984); *Gilchrist v. Commonwealth*, 227 Va. 540, 545, 317 S.E.2d 784, 787 (1984); *Parish v. Commonwealth*, 206 Va. 627, 631-32, 145 S.E.2d 192, 195 (1965), *cert. denied*, 384 U.S. 942 (1966).

Mason relies on *Lomax* to support his argument that the trial court abused its discretion in denying his request for a continuance. In *Lomax*, the accused was charged with murder and claimed he killed the deceased in self-defense. The prosecutor did not produce a toxicology report until the day of trial. That report contained a breakdown of the drugs found in the victim's blood. Defense counsel argued that he needed a continuance to obtain an

expert opinion on whether the drugs would have made the victim more aggressive. The trial court denied the continuance motion. The Supreme Court held that the trial court abused its discretion in not granting a continuance since the toxicology report was central to Lomax's defense in the case. *Lomax,* 228 Va. at 173, 319 S.E.2d at 766.

We find that the facts before us are clearly distinguishable from those presented in *Lomax.* Mason's attorney stated that she needed a continuance because "[w]e just feel that we need more time to go through it all." The trial court inquired whether she had consulted with her client and the arresting officer, both of whom were present when the alleged statement was made. Counsel stated that she had talked to both of them, but "[m]aybe there's something else out there." She advanced no theory of defense which necessitated a continuance. Further, she could not indicate any specific information she would seek if the continuance were granted.

We believe that *Quintana v. Commonwealth,* 224 Va. 127, 295 S.E.2d 643 (1982), *cert. denied,* 460 U.S. 1029 (1983), controls the continuance issue presented before us. Quintana was convicted of capital murder and was sentenced to death. A week prior to trial, he asked the court to grant him a continuance so that he could search for alibi evidence. He was unable to supply the names of any potential witnesses or give the trial court assurance that any could be found. The trial court denied his request for a continuance. The Supreme Court held that Quintana had not shown any prejudice resulting from the denial of his continuance motion and affirmed the trial court's ruling. *Id.* at 135, 295 S.E.2d at 646. Similarly, in the case before us, Mason's attorney could only state that "[m]aybe there's something else out there" and could not assure the trial court that she had any expectation of obtaining evidence if a continuance was granted. Thus, Mason was not able to show that he suffered any prejudice nor do we find any from the record. For this reason, we find that the trial court did not abuse its discretion in denying Mason's request for a continuance.

## III.

Mason next argues that the trial court erred in instructing the jury that if it could not understand two phrases in the instruction defining malice, it could disregard them and decide the case based on the remainder of the instruction. The Commonwealth contends first that Mason is barred by Rule 5A:18 from raising this issue because he failed to object at trial to the court's modifying instruction. Rule 5A:18 states in pertinent part:

No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the ground therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.

In *Gardner v. Commonwealth*, 3 Va. App. 418, 350 S.E.2d 229 (1986), we stated that "[t]he purpose of this rule is to allow correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals. To hold otherwise would invite parties to remain silent at trial, possibly resulting in the trial court committing needless error." *Id.* at 423, 350 S.E.2d at 232. While we reaffirm this general principle, we find that the case before us falls into a very narrow exception.

Virginia Code § 8.01-384(A) provides in relevant part:

"[I]f a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him on motion for a new trial or on appeal."

In the case before us, the trial court returned the jury to the courtroom, stating: "I'll do something." It then made some unwarranted personal observations about the law contained in the jury instruction and told the jury to read the instruction as a whole. The jury retired but was immediately recalled by the trial court and told that it could ignore two phrases of the instruction which defined malice. The trial court took this action without consulting counsel and without prior notice to them of the content of its in-

tended statement.

A similar situation arose in *Jones v. Commonwealth*, 194 Va. 273, 72 S.E.2d 693 (1952). There, the defense counsel failed to object to the trial court's erroneous reply to a juror. The Supreme Court refused to dismiss the appeal and stated that the defense counsel was taken by surprise and was depending upon the trial court in a situation new to him. *Id.* at 280, 72 S.E.2d at 697.

In the case presented here, defense counsel likewise was taken by surprise at the court's comments to the jury. Since the trial court on its own motion instructed the jury to ignore parts of an instruction without previous consultation with counsel, we find that Mason did not have an opportunity to object to the trial court's ruling. Therefore, applying the saving provisions of Code § 8.01-384(A), we hold that Mason is not precluded from raising this issue on appeal.

■ The Commonwealth next contends that Mason was not entitled from the evidence to have the jury instructed on "heat of passion" or "control of reason." In our November 4, 1987 opinion, we refused consideration of this issue, citing Rule 5A:18, based on the Commonwealth's failure to object at trial to the malice instruction and its references to "heat of passion" and "control of reason." Upon reconsideration, we find that as the appellee in this criminal case, the Commonwealth, is not subject to the provisions of Rule 5A:18. That Rule establishes the requirement of objecting to rulings in the trial court prior to seeking a *reversal* of those rulings on appeal. Accordingly, we find that the Commonwealth was not required to object to the contents of the malice instruction at trial. We do find, however, that Mason was entitled to have the jury instructed on "heat of passion" and "control of reason." The Commonwealth is required to prove beyond a reasonable doubt every element of the offenses charged. *Walker v. Commonwealth*, 212 Va. 289, 183 S.E.2d 739, 740 (1971). Unless the elements of the crimes charged are defined by instructions available to the jury during its deliberations, the jury cannot properly determine whether the Commonwealth has carried its burden of proof. *Dowdy v. Commonwealth*, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979).

■ In the case before us, Mason was tried and indicted under Code § 18.2-51. "Code § 18.2-51 contemplates that a cutting or

wounding may either be a malicious wounding or an unlawful wounding, and a jury should be so instructed." *Shifflett v. Commonwealth*, 221 Va. 191, 192, 269 S.E.2d 353, 354 (1980). In order to properly distinguish malicious wounding from unlawful wounding, the jury must be given a complete definition of malice. We find that here, when the trial court instructed the jury it could ignore the concepts of heat of passion and control of reason, its definition of malice was rendered incomplete.

■ We further find that the trial court violated Rule 3A:16(C) when, on its own motion, it informed the jurors that they could ignore two phrases of the instruction defining malice. Rule 3A:16(C) provides:

> Before instructing the jury, the court shall advise counsel of the instructions to be given and shall give counsel the opportunity to make objections thereto.

Pursuant to this Rule, the trial court should have informed both counsel of the content of its proposed instruction. Since it failed to do so, we find that the trial court erred.

The Commonwealth next argues that any error resulting from the trial court's instruction was cured by its other instructions. It relies on *Shifflett v. Commonwealth*, 221 Va. 191, 269 S.E.2d 353 (1980), to support its argument. We find, however, that the facts in *Shifflett* are distinguishable from those presented here. In *Shifflett*, the trial court instructed the jury that if it found that the defendant did cut and wound the victim with the necessary intent, that finding would be sufficient to sustain a conviction of malicious wounding. This instruction was erroneous since Code § 18.2-51 "contemplates that a cutting or wounding may either be a malicious wounding or an unlawful wounding." *Id.* at 192, 269 S.E.2d at 354. However, the jury in *Shifflett* asked the trial court to define "malicious" and "unlawful" where these terms appeared in another instruction detailing lesser included offenses. The trial court then defined both terms to the jury. The Supreme Court found that the error in the original instruction was cured by the other instructions given and, since the evidence overwhelmingly supported a malicious wounding verdict, the verdict should be affirmed. *Id.* at 193-94, 269 S.E.2d at 354-55.

In the case before us, the reverse occurred. The instruction given was proper and error occurred when the trial court modified it. Further, no other instructions adequately dealt with the element of malice. Based upon these distinctions, we find that the corrective measures which took place in *Shifflett* did not occur in the case before us. Therefore, we reject the Commonwealth's argument that other jury instructions cured the trial court's error in modifying the malice instruction.

█ Finally, the Commonwealth argues that any error committed by the trial court was harmless because the remaining parts of the malice instruction contained an adequate definition to properly instruct the jury on the law of malice. The Commonwealth asserts that the error in question did not result in the violation of a federal constitutional right. Thus, it contends that the appropriate standard for evaluating whether the error was harmless is set forth in Code § 8.01-678:

> [W]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any error committed on the trial.

The Commonwealth also relies on *Boykins v. Commonwealth*, 210 Va. 309, 170 S.E.2d 771 (1969) which states: "A conviction should not be reversed unless the introduction of improper evidence suggests a manifest probability that it was prejudicial to the defendant." *Id.* at 313, 170 S.E.2d at 774.

█ The Commonwealth concedes, however, that these standards do not apply in cases involving federal constitutional error. The standard of review to be applied in those cases is set forth in *Chapman v. California*, 386 U.S. 18 (1967). There, the Court held that where a federal constitutional right has been violated, the conviction must be reversed unless the government proves that the error was harmless beyond a reasonable doubt. *Id.* at 23-24.

█ In the case before us, we find that the trial court's directive to the jury that it could ignore parts of the malice instruction vio-

lated due process.[1] "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). Here, Mason's right of due process was violated when the trial court instructed the jury that it did not have to consider a factual predicate of malice, namely, that the mind of the accused be under the control of reason rather than acting from heat of passion. In so doing, the court allowed the jury to convict Mason of malicious wounding, without regard to whether his mind was under the control of reason.

We cannot find that this error was harmless beyond a reasonable doubt. First, the malice instruction defined a material element of the crime of malicious wounding. It was also central to the jury's consideration of the lesser included offense of unlawful wounding. Since the trial judge improperly empowered the jury with discretion to consider all or a part of the instruction defining the element of malice, we do not know what portion of the instruction the jury considered during its deliberations. Thus, we are unable to determine whether it understood the element of malice and properly considered it in the context of the evidence presented.

Second, we do not know whether the jury found beyond a reasonable doubt "every fact necessary" to establish the element of malice. *Winship*, 397 U.S. at 364. Because the trial court informed the jury it could ignore a factual predicate necessary to a finding of malice, the jury, in effect, was permitted to convict Mason of malicious wounding without considering whether he had the requisite capacity at the time to harbor malice. Such an error cannot be considered harmless beyond a reasonable doubt. *See Hoover v. Garfield Heights Municipal Court*, 802 F.2d 168, 178 (6th Cir. 1986).

We further find that with the removal of the phrases in question, the remainder of the instruction was not sufficient to instruct the jury on the law of malice. The original instruction informed

---

[1] Because we find that a federal constitutional right was violated in this case, we do not address whether the standards set forth in Code § 8.01-678 and *Boykins v. Commonwealth* apply to the analysis for harmless error in all criminal cases not involving federal constitutional error.

the jury that malice and heat of passion cannot co-exist and that malice implies that the mind of the actor is under the control of reason. With the removal of these concepts, nothing in the remainder of the malice instruction, or in the other instructions, defined malice sufficiently to enable the jury to distinguish malicious wounding from unlawful wounding. Mason was entitled to have the jury instructed on both malicious wounding and unlawful wounding. *Shifflett v. Commonwealth*, 221 Va. at 192, 269 S.E.2d at 354. When the trial court told the jury it could ignore one part of the malice instruction, Mason was effectively denied consideration by the jury of the unlawful wounding charge. In summary, we find that the trial court did not abuse its discretion in refusing to grant Mason a continuance but that it committed reversible error when it told the jury that it could ignore part of an instruction if it did not fully understand it. Accordingly, the conviction appealed from is reversed and remanded to the trial court for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Barrow, J., Coleman, J., concurred.