Thomas R. Brown

v.

Florence B. Brown

Record No. 900133

November 9, 1990

Present: All the Justices

*Homer C. Eliades (Edwin N. Wilmot; Eliades and Eliades*, on brief), for appellant.

*T. O. Rainey, III (Hill & Rainey,* on brief), for appellee.

JUSTICE RUSSELL delivered the opinion of the Court.

The dispositive question in this appeal is whether a notation made by a judge of a juvenile and domestic relations court, which marked a file "closed," had the effect of terminating a previous

order for continuing child support. We answer the question in the negative.

The facts are undisputed. Thomas R. Brown (Thomas) and Florence B. Brown (Florence) were married in 1952. Between 1953 and 1966, four children were born of the marriage. During that time, the parties jointly acquired a residence in Petersburg.

Thomas and Florence separated in June 1971. In July, Florence filed a petition in the Juvenile and Domestic Relations District Court of the City of Petersburg (the JDR court) claiming support for the four children. On August 9, 1971, the JDR court entered an order requiring Thomas to pay Florence "$35.00 weekly, plus rent, utilities, etc. . . . until the further order of this Court," for the "support and maintenance of his dependents."

Thomas made some payments to Florence directly rather than through the JDR court. In 1972, a caseworker sent Thomas a notice to "contact the court." Similar notices were sent to Florence in 1974 and again in 1975. Neither party responded to these notices. On December 15, 1975; the judge of the JDR court wrote, on the reverse side of the original petition: "Unable to contact parties since 1971 - Closed." The judge dated and initialed the entry. The petition was stored among the court's inactive files, and the case was removed from the docket.

Thomas filed a bill of complaint in the circuit court seeking a divorce. The chancellor entered a final decree on November 27, 1984, dissolving the marriage. The decree recited that all four children were then over the age of 18.

In 1985, Thomas filed this suit as a tenant in common of the Petersburg home in which Florence continued to reside, seeking partition and sale of the property. Florence filed a cross-bill, claiming compensation for delinquent child support under the JDR court's order, as well as the cost of repairs and "rent." The cause was referred to a commissioner in chancery.

After notice and a hearing, the commissioner reported to the court that the 1971 JDR support order had not been terminated by the judge's notation in 1975, and that Thomas' obligation thereunder had continued until July 1, 1984, the date the youngest child of the marriage attained the age of 18. The commissioner found that a total of $17,990 had accrued and was unpaid under the support order. The commissioner also reported that although Thomas had made the mortgage payments from 1971 until July 1, 1984, he was not entitled to credit for them because he was obli-

gated to pay them under the JDR court's requirement that he pay "rent." The commissioner further reported that Florence was entitled to a credit for $2,275 for one-half of the cost of repairs she made during her occupancy, and that Thomas was entitled to credit for one-half of the fair rental value of the property after July 1, 1984, as well as one-half of the mortgage payments, taxes, and insurance he had paid after that date. Total credits were reported as $20,265 for Florence and $5,232.50 for Thomas. Later, the commissioner filed a supplemental report adjusting these figures to June 30, 1988.

Thomas filed a single exception to the commissioner's report, taking the position that the notation made on the file by the judge of the JDR court in 1975 had terminated Thomas' obligations under the 1971 support order. In a written opinion, the chancellor overruled the exception and entered a final decree on November 3, 1989, confirming the commissioner's report and ordering a judicial sale of the property subject to the credits ascertained by the commissioner. We granted Thomas an appeal.

 Code § 20-74 provides, in pertinent part, that a support order of the kind under consideration here "shall remain in full force and effect until *annulled*" by the JDR court or the circuit court (emphasis added).[1] Further, payments of child support under a valid court order become vested as they accrue; the court lacks authority retroactively to relieve a delinquent father of his obligation to make past-due payments. *Cofer* v. *Cofer*, 205 Va. 834, 838-39, 140 S.E.2d 663, 666-67 (1965).

 The entry of the divorce decree had no effect on the JDR court's 1971 support order. The divorce decree was entered after all the children had attained the age of majority and it made no mention of Thomas' duty to support them. *See Werner* v. *Commonwealth and Werner*, 212 Va. 623, 186 S.E.2d 76 (1972) (JDR support order continues in effect despite subsequent divorce decree which is silent as to support). Therefore, our sole inquiry is whether the JDR court's cryptic notation "Closed" had the effect of "annulling" the 1971 support order.

 The minor children had a common-law right to their father's support which was vested and continuing. *Buchanan* v.

---

[1] In 1987, a sentence was added providing that "[n]o support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party." Acts 1987, c. 649.

*Buchanan*, 170 Va. 458, 471-72, 197 S.E. 426, 432 (1938). That right was subject to judicial modification as changing circumstances might require, but the court had no authority to disturb it without meeting the minimal criteria of procedural due process. Those criteria require, at least, reasonable notice and a fair opportunity to be heard. *Fuentes* v. *Shevin*, 407 U.S. 67, 80 (1972); *Etheridge* v. *Medical Center Hospitals*, 237 Va. 87, 97, 376 S.E.2d 525, 530 (1989).

The JDR court's proceedings in 1975, insofar as the record discloses them, fell short of those criteria. Although Florence admitted receiving notices of some kind from the court, the notices are not contained in the record. Counsel assumes that they were similar to the notice sent to Thomas, which merely directed him to "contact the court." No contention is made that Florence was ever given notice that the court would, at a stated time, consider the modification or termination of the previously-ordered child support, and that she should appear at that time to protect the children's interests. There is no indication in the record that the JDR court conducted a hearing of any kind in 1975. In the absence of those minimal procedural steps, the JDR court lacked authority to "annul" the father's continuing obligations under the 1971 support order.

Thomas argues that the JDR court's action in closing the file in 1975 was tantamount to a discontinuance under former Code § 8-154 (Code of 1950, 1957 Repl. Vol. 2, re-enacted in 1977 as present Code § 8.01-335, with changes not pertinent here). That statute authorized a court to discontinue a case that had been dormant for two years upon giving both parties, or their counsel, fifteen days notice and an opportunity to be heard. As stated above, no such notice or opportunity appears in the record. The statute further authorized a dismissal, after a case had been dormant for five years, without the requirement of notice or hearing. Five years, however, had not elapsed when the JDR court closed the file in 1975. Therefore, the JDR court's action in 1975 was not within the purview of Code § 8-154.[2]

Thus, although the closing of the file transferred the case from the active docket to an inactive status, it had no effect on the 1971 support order. The trial court correctly ruled that Thomas'

---

[2] We do not reach the question whether a discontinuance or a dismissal under former Code § 8-154 or present Code § 8.01-335 would affect a preexisting support order. *See Duke* v. *Duke*, 239 Va. 501, 504, 391 S.E.2d 77, 79 (1990).

obligation under the order continued until July 1, 1984, when the youngest child attained the age of 18.

Thomas also assigned error to the court's ruling that his net accrued obligation under the 1971 order was to be credited to Florence's share, and charged against his share, in the present partition suit. He cites Code § 8.01-81 and our decision in *Adkins* v. *Adkins*, 117 Va. 445, 85 S.E. 490 (1915), for the proposition that the court should not have adjusted Florence's claim in the partition suit because she was not a lien creditor and her claim did not affect the title to the property. Counsel argued this question extensively on brief and in oral argument before this Court, but it is clear from the record that it was never presented to the trial court. Thomas' single exception to the commissioner's report concerned the effect of the JDR court's action in 1975. Subsequent memoranda of law and arguments made below concerned only that question. We will not consider a question raised for the first time on appeal, which the trial court was given no opportunity to address. Rule 5:25.

For the foregoing reasons, the decree appealed from will be

*Affirmed.*