FAIZI-BILAL INTERNATIONAL CORPORATION, ET AL.

V.

ELLIOTT L. BURKA, ETC.

Record No. 931013

June 10, 1994

Present: All the Justices

*Simon M. Osnos*, for appellants.
*Vincent W. McAlvey*, for appellee.

JUSTICE KEENAN delivered the opinion of the Court.

We conclude that this appeal must be dismissed because of procedural errors committed by the appellants, who were defendants in the trial court.

This case involves a motion for judgment filed by Elliott L. Burka, General Partner of Fillmore Garden Apartments, for damages for breach of a commercial lease agreement. The defendants are the lessee, Faizi-Bilal International Corporation (Faizi), and six individuals who were guarantors of Faizi's lease (the guarantors). All defendants were represented by counsel in the trial court.

By order dated June 16, 1992, the trial court resolved the issue of liability against the guarantors. The trial court's order was silent as to Faizi, which was believed to be a party in bankruptcy proceedings in the United States District Court for the Eastern District of Virginia. The clerk of the circuit court later notified all defendants that the case was set for trial on remaining matters on November 19, 1992.

On that date, counsel for Faizi and counsel for the guarantors failed to appear in court. However, Burka's counsel appeared and submitted a draft order, which recited that "the parties hereto are in agreement that the final disposition of this cause should be continued." The draft order further provided for continuance of the case until term day, December 21, 1992, for the purpose of setting a new trial date. The trial court entered the continuance order, which had been endorsed only by Burka's counsel; no notice had been sent to defendants' counsel of the time and place for presentation of the order.

Burka's counsel appeared at term day, December 21, 1992, and the trial court reset the case for trial on April 20, 1993. Neither the defendants nor their counsel were present in court when the new trial date was set. Burka's counsel did not notify the defendants' counsel of the new trial date; the clerk of the circuit court also did not contact the defendants' counsel.

On April 20, 1993, after neither the defendants nor their counsel appeared for trial, the trial court conducted an evidentiary hearing on all remaining issues. The following day, the court entered an order awarding Burka judgment for $168,111.62 against all the defendants, including Faizi, which had been dismissed from bankruptcy proceedings. Faizi and the guarantors filed a notice of appeal from this order in the trial court on May 13, 1993. The notice was dated May 11, 1993; defense counsel's signature appeared directly below this typed date.

On June 9, 1993, the defendants filed a motion to set aside the judgment, alleging that the April 21, 1993 judgment order was void because the November 19, 1992 continuance order had been entered in violation of Rule 1:13. This motion was not filed as an independent action under Code § 8.01-428(D), but as part of the original action. In their motion, the defendants asserted, among other things, that they were prejudiced by their failure to receive a copy of the order entered on November 19, 1992, or notice of its presentation, pursuant to Rule 1:13. They complained that, because they never learned of the trial date, they had no opportunity to assert valid defenses to several items of damages that were ultimately awarded as part of the final judgment on April 21, 1993.

The trial court denied the motion to set aside the judgment. In its order dated December 22, 1993, the court cited the fact that no general continuances are granted in the Circuit Court of Arlington County, and that the November 19, 1992 order, "under

the practice of this [c]ourt," continued the case to the next term day of court. The trial court further ruled that Burka's counsel was not required to send the defendants a copy of either the draft or the signed order, or to notify them of the new trial date.

■ On appeal, the defendants first argue that the trial court erred in denying their motion to set aside the judgment. We hold that the appeal must be dismissed as to this assignment of error, however, because the defendants failed to note an appeal from the December 22, 1993 order denying their motion.* Rule 5:9(a); *School Bd. v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989); *Prohm v. Anderson*, 220 Va. 74, 77, 255 S.E.2d 491, 492-93 (1979). Thus, the merits of the December 22, 1993 order are not before us in this appeal.

Next, we examine the procedural posture of the defendants' remaining assignments of error. These assignments of error challenge the trial court's award of sanctions in the April 21, 1993 final judgment order and the court's alleged failure to provide a credit to the defendants for rent paid by the new tenants after the premises were re-let. We hold that Rule 5:25 precludes our consideration of these matters.

■ As stated above, the defendants filed their notice of appeal on May 13, 1993; the notice was dated May 11, 1993, and was signed by counsel directly beneath this typed date. Thus, on its face, the notice indicates that, at least by May 11, 1993, the defendants had knowledge of the trial court's order before it became final on May 12, 1993. *See* Rule 1:1. Although the defendants could have brought their objections to the trial court's attention, they failed to do so.

■ We decline to address issues relating to rulings to which no objection was made in the trial court. As this Court repeatedly has held, unless an objection is stated with reasonable certainty at the time of the ruling, we will not consider the question for the first time on appeal. Rule 5:25; *Brown v. Brown*, 240 Va. 376, 381, 397 S.E.2d 837, 840 (1990). While Rule 5:25 permits us to consider error, notwithstanding the lack of objection, for good cause shown or to enable the Court to attain the ends of justice, the record before us does not provide a basis for application of this

---

* Since the defendants have failed to note an appeal from this order, we do not reach the issue whether the order itself, which was entered more than seven months after the final judgment order, is either valid or an "other appealable order," within the meaning of Rule 5:9(a).

exception. Further, the defendants have offered no explanation for their failure to bring their objections to the attention of the trial court before the judgment order became final.

In order to protect the interests of all parties, the trial court must be given the opportunity to rule intelligently and to avoid unnecessary appeals and reversals. *Marshall v. Goughnour*, 221 Va. 265, 269, 269 S.E.2d 801, 804 (1980). When the trial court has been denied this opportunity, we will not undermine the trial process by permitting litigants to raise their arguments for the first time on appeal. In the present case, it was the defendants' decision to deny the trial court the opportunity to rule on their objections, rather than their failure to receive notice of entry of the November 19, 1992 continuance order, that foreclosed their rights in the trial court and that, consequently, has eliminated their rights in this appeal.

For these reasons, we will dismiss this appeal as improvidently awarded.

*Dismissed.*