COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


SHARELLE GRACE DUKE MERRITT
                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1524-97-1       JUDGE JOSEPH E. BAKER
                                        JUNE 30, 1998
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                         William L. Wellons, Judge

          Joseph M. Teefey, Jr., Assistant Public
          Defender (Office of the Public Defender, on
          brief), for appellant.

          Robert H. Anderson, III, Assistant Attorney
          General (Mark L. Earley, Attorney General;
          John K. Byrum, Jr., Assistant Attorney
          General, on brief), for appellee.


     Sharelle Grace Duke Merritt (appellant) appeals from her

jury trial convictions, approved by the Mecklenburg County

Circuit Court (trial court), for second-degree murder and use of

a firearm in the commission of murder.  She contends the trial

court erroneously held the evidence sufficient to support the

jury's finding that she shot the victim intentionally rather than

accidentally.  In addition, she claims the trial court wrongfully

instructed the jury that it could consider a witness' prior

consistent statements as substantive evidence.  For the reasons

that follow, we affirm appellant's convictions.

     The record shows that on December 20, 1995, appellant shot

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Roy Lee Gregory (victim) at his home in Mecklenburg County. Marcus Coles, who was playing cards with appellant and victim at victim's kitchen table, witnessed some of the events. Appellant and victim were drinking and argued over whether victim was appellant's natural father. According to Coles, at about 4:00 p.m., appellant retrieved a .410 single-barrel shotgun and one shell from the closet. She sat down on the couch and repeatedly loaded and unloaded the shell while saying, "I will shoot him." Appellant chambered the bullet again, closed the barrel, and pulled the hammer back. Coles, fearing for his safety, moved away from the table but saw appellant point the gun in victim's direction. He then heard the gun discharge and appellant exclaim, "Oh my God." Coles saw victim bleeding from the nose, mouth and left side of his head. Coles and appellant both fled.

Sheriff's Deputies Wilson and Claiborne responded to the scene, where they found victim bleeding. Appellant returned to the scene a few minutes later and said, "It was an accident and I didn't mean to do it." Police retrieved the weapon, which Coles had discarded away from the scene, and found it to be operational.

Victim was hospitalized and died about a month later from a series of infections resulting from the wound. An autopsy showed a seven-inch scar on the left side of victim's head from surgery on the shotgun wound. Still present in victim's head at the time

of autopsy were three shotgun pellets.

Appellant's firearms expert, James Pickelman, testified victim was shot with number six lead shot which would come from a shell containing one-hundred-fifty-five pellets per shell. Such a shot would create a circular pattern, with some "fliers" deviating from the pattern, the width of which would grow as the distance from the target increased.

Investigator Wesley Simmons, who examined the shot pattern on the wall behind victim, found several "cast-off" shots separated from the main circular shot pattern.

At trial, appellant attempted to impeach Coles with portions of his statement to police and his testimony at appellant's preliminary hearing. Over appellant's hearsay objection, on re-direct, the Commonwealth sought to rehabilitate Coles with previous consistent statements. The Court overruled the objection and admitted the prior consistent statements for that limited purpose. Appellant did not ask the court to instruct the jury that it could consider the prior statements only for such limited purpose and not as substantive evidence.

After the jury had retired to consider its verdict, it returned to the courtroom and made the following inquiries:

>          THE COURT: Ladies and gentlemen, I understand that you have a question to be addressed to the Court. Who would like to address the question?
>
>          A JUROR: We would -- was the preliminary hearing entered in as evidence?
>
>          THE COURT: Only to the extent that the

statements were read to you in open court.

    A JUROR:    Okay.

    THE COURT:    The transcript itself was not admitted in evidence.

    A JUROR:    So, we cannot go over that?

    THE COURT:    You will have to rely on the evidence that's been presented to you through the testimony which was presented.

    A JUROR:    Okay.  No further questions then.  That's all.

The trial court did not consult counsel before making these statements to the jury.  However, appellant raised no objection contemporaneously or during the remainder of the jury's deliberations.

More than two months after trial, appellant moved for a mistrial, asserting the trial court erroneously instructed the jury it could consider preliminary hearing testimony as substantive evidence.  The court overruled the motion.

### Sufficiency of the Evidence to Prove Intent

Appellant contends the evidence was insufficient to prove she acted with the requisite intent to commit second-degree murder.

In reviewing a challenge to the sufficiency of the evidence, we view the evidence and any reasonable inferences in the light most favorable to the Commonwealth.  See, e.g., Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).  It is within the province of the jury to judge the credibility of

the witnesses, see, e.g., Mullis v. Commonwealth, 3 Va. App. 564, 571, 351 S.E.2d 919, 923 (1987), and "[t]he jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it." Traverso, 6 Va. App. at 176, 366 S.E.2d at 721. Whether appellant "acted with the requisite mental state is an essential question for the jury." Darnell v. Commonwealth, 6 Va. App. 485, 492, 370 S.E.2d 717, 720-21 (1988). "The fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts." Bell v. Commonwealth, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991).

Second-degree murder does not require proof of a specific intent to kill. See Rhodes v. Commonwealth, 238 Va. 480, 486, 384 S.E.2d 95, 98 (1989). It requires proof only of "'a malicious purpose to do the deceased a serious personal injury or hurt.'" Id. (quoting Dock's Case, 62 Va. (21 Gratt.) 909, 913 (1872)). Intent or purpose "may, and most often must, be proven by circumstantial evidence," Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991), including the statements and conduct of the accused. See Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977).

Here, Commonwealth's witness Coles testified that, during an argument between appellant and victim, appellant retrieved a shotgun and shell from a nearby closet and sat on the couch while she repeatedly loaded and unloaded the weapon. She was pointing the gun in victim's direction and saying, "I will shoot him."

Appellant chambered the bullet again, closed the barrel, pulled back the hammer, and discharged the gun, shooting appellant in the head.

Appellant contends that Coles' testimony did not prove appellant aimed the gun or purposefully pulled the trigger and that the forensic evidence of the shot pattern on the kitchen wall and cabinets proved, in fact, she did not aim the gun. We disagree.

The jury heard Coles' testimony and appellant's attempts at impeachment and nevertheless accepted his testimony that appellant pointed the shotgun at victim. Evidence that the gun was in good operating condition after the shooting belied appellant's claim that the gun discharged accidentally. See Compton v. Commonwealth, 219 Va. 716, 730-31, 250 S.E.2d 749, 758 (1979). In addition, the shot-pattern evidence did not prove appellant lacked intent. Although multiple shotgun pellets hit the cabinet and walls, enough pellets hit victim's head to require surgery leaving a seven-inch scar. The evidence is sufficient to support the finding that appellant intended to shoot victim, and the jury was entitled to conclude that the only reasonable hypothesis flowing from all the evidence, viewed in the light most favorable to the Commonwealth, was that appellant acted with the requisite intent. See Cody v. Commonwealth, 180 Va. 449, 454-55, 23 S.E.2d 122, 124 (1942) (upholding first-degree murder conviction of accused who argued with his

wife over bringing gun into house, said anyone who crossed the threshold to the bedroom "[was] going to get it," and shot his wife when she approached that threshold, despite conflicting evidence of whether he actually aimed gun).

### Jury's Inquiries

Appellant asserts the trial court's responses to the jury's inquiries constituted an instruction to the jury that Coles' prior inconsistent and consistent testimony could be considered as "substantive evidence." We disagree. However, even if we agreed with appellant's assertion, we will not notice the issue on appeal because appellant failed to request a limiting instruction or timely to assign the trial court's responses as error. See Smith v. Commonwealth, 217 Va. 9, 9 n.*, 225 S.E.2d 194, 194 n.* (1976); Rule 5A:18. For the first time, more than two months after the trial had been concluded with his conviction, using the foregoing assertion as a ground, appellant moved for a mistrial and here assigns as error the trial court's denial of that motion.

"Generally, evidence admissible for one purpose, but inadmissible for another, should be accompanied by a limiting instruction to the jury." Hanson v. Commonwealth, 14 Va. App. 173, 183, 416 S.E.2d 14, 20 (1992). However, a party entitled to a limiting instruction "waive[s] [her] right [to such an instruction] by not requesting it." Crider v. Commonwealth, 206 Va. 574, 578, 145 S.E.2d 222, 225 (1965). The Virginia Supreme

- 7 -

Court repeatedly has held that an accused who "wishes to take advantage on appeal of some incident he regards as objectionable enough to warrant a mistrial . . . must make his motion timely or else be deemed to have waived his objection.  Making a timely motion for mistrial means making the motion 'when the objectionable words were spoken.'"  Yeatts v. Commonwealth, 242 Va. 121, 137, 410 S.E.2d 254, 264 (1991) (quoting Reid v. Baumgardner, 217 Va. 769, 774, 232 S.E.2d 778, 781 (1977)) (citations omitted).

Appellant relies on Mason v. Commonwealth, 7 Va. App. 339, 373 S.E.2d 603 (1988), to justify her failure to make timely objections.  Although we excused the failure of the accused to object to the trial court's response to a jury question in Mason, the response of the trial court in that case provided the jury with an incomplete definition of an essential element of the offense.  See id. at 345-47, 373 S.E.2d at 606-07; see also Jimenez v. Commonwealth, 241 Va. 244, 245-46, 250, 402 S.E.2d 678, 678, 681 (1991) (holding that trial court has "affirmative duty properly to instruct a jury" on principles of law "vital" to case and that failure of accused to object does not bar consideration of issue on appeal); Johnson v. Commonwealth, 20 Va. App. 547, 458 S.E.2d 599 (1995) (en banc) (applying Jimenez ruling to reverse conviction where trial court failed, in response to question from jury, to fill "obvious void in instructions," thereby permitting jury to convict accused of a

nonexistent offense).  In this case, by contrast, appellant makes no claim that the jury was improperly instructed on an element of the offense.  Rather, her objection relates only to a rule of evidence.  Under these facts, we find no reason to excuse her failure timely to object or move for mistrial.

For these reasons, we affirm appellant's convictions.

<u>Affirmed.</u>