COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Clements and Agee
Argued at Richmond, Virginia


ERIC MICHAEL JACKSON
                                   MEMORANDUM OPINION[*] BY
v.    Record No. 2734-01-2          JUDGE G. STEVEN AGEE
                                      OCTOBER 8, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Learned D. Barry, Judge

          Craig W. Stallard, Assistant Public Defender
          (Office of the Public Defender, on briefs),
          for appellant.

          Amy L. Marshall, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     Eric Michael Jackson (Jackson) was convicted in the

Richmond Circuit Court of possession of heroin, in violation of

Code § 18.2-250, and was sentenced to nine months incarceration.

On appeal, Jackson contends the trial court erred in denying his

motion to suppress evidence he alleges was gathered in violation

of the Fourth Amendment.  For the following reasons, we disagree

and affirm the judgment of the trial court.

---

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  As the parties are fully conversant
with the record in this case and because this memorandum opinion
carries no precedential value, only those facts necessary to a
disposition of this appeal are recited.

## I. STANDARD OF REVIEW

"At a hearing on a defendant's motion to suppress, the Commonwealth has the burden of proving that a warrantless search or seizure did not violate the defendant's Fourth Amendment rights." Reel v. Commonwealth, 31 Va. App. 262, 265, 522 S.E.2d 881, 882 (2000). "It[, however,] is well established that, on appeal, appellant carries the burden to show, considering the evidence in the light most favorable to the Commonwealth, that the denial of a motion to suppress constitutes reversible error." Motley v. Commonwealth, 17 Va. App. 439, 440-41, 437 S.E.2d 232, 233 (1993). "Ultimate questions of reasonable suspicion and probable cause . . . involve questions of both law and fact and are reviewed de novo on appeal." Neal v. Commonwealth, 27 Va. App. 233, 237, 498 S.E.2d 422, 424 (1998) (citations omitted). "A claim by a defendant that he was seized within the contemplation of the Fourth Amendment 'presents a mixed question of law and fact that is reviewed de novo on appeal.'" Bolden v. Commonwealth, 263 Va. 465, 470, 561 S.E.2d 701, 704 (2002) (citations omitted).

## II. ANALYSIS

"Fourth Amendment jurisprudence recognizes three categories of police-citizen confrontations: (1) consensual encounters, (2) brief, minimally intrusive investigatory detentions, based upon specific, articulable facts, commonly referred to as Terry stops, and (3) highly intrusive arrests and searches founded on probable cause." Wechsler v. Commonwealth, 20 Va. App. 162, 169, 455 S.E.2d 744, 747 (1995). "'[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual

on the street or in another public place, by asking him if he is willing to answer some questions . . . .'" Washington v. Commonwealth, 29 Va. App. 5, 10, 509 S.E.2d 512, 514 (1999) (en banc) (quoting Florida v. Royer, 460 U.S. 491, 497 (1983)).

> A consensual encounter occurs when police officers approach persons in public places "to ask them questions," provided "a reasonable person would understand that he or she could refuse to cooperate." United States v. Wilson, 953 F.2d 116, 121 (4th Cir. 1991) (quoting Florida v. Bostick, 501 U.S. 429, 431, 111 S. Ct. 2382, 2384, 115 L. Ed. 2d 389 (1991)); see also Richards v. Commonwealth, 8 Va. App. 612, 615, 383 S.E.2d 268, 270 (1989).  Such encounters "need not be predicated on any suspicion of the person's involvement in wrongdoing," and remain consensual "as long as the citizen voluntarily cooperates with the police." Wilson, 953 F.2d at 121.

Payne v. Commonwealth, 14 Va. App. 86, 88, 414 S.E.2d 869, 870 (1992).

> "[A] person is 'seized' only when, by means of physical force or show of authority, his freedom of movement is restrained . . . .
>
> . . . Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled."

Baldwin v. Commonwealth, 243 Va. 191, 196, 413 S.E.2d 645, 648 (1992) (quoting United States v. Mendenhall, 446 U.S. 544, 553-54 (1980)).

"Voluntarily responding to a police request, which most citizens will do, does not negate 'the consensual nature of the response' even if one is not told that he or she is free not to

respond." Grinton v. Commonwealth, 14 Va. App. 846, 849, 419 S.E.2d 860, 862 (1992) (quoting I.N.S. v. Delgado, 466 U.S. 210, 216 (1984)). "[T]he subjective beliefs of the person approached are irrelevant to whether a seizure has occurred." United States v. Winston, 892 F.2d 112, 116 (D.C. Cir. 1989) (citation omitted).

Jackson contends he was "seized" without a showing of reasonable suspicion and, therefore, the trial court erred by denying his motion to suppress. The Commonwealth argues the trial court's decision to deny the motion to suppress should be affirmed because no seizure occurred.

On de novo review, we find that the encounter between Jackson and the officers was consensual at its inception. Therefore, there was no "seizure" during the initial conversation between Officer Sprinkle and Jackson that implicated the Fourth Amendment.[1]

Jackson argues we cannot consider the consensual encounter grounds without a separate analysis to examine the application of affirming the trial court when it reaches the right result for

---

[1] We are not barred by Rule 5A:18 from addressing the issue of whether Jackson had a consensual encounter with the police. "Rule 5A:18 does not require an appellee[, the Commonwealth in this instance,] to raise an issue at trial before it may be considered on appeal where the issue is not offered to support reversal of a trial court ruling." Driscoll v. Commonwealth, 14 Va. App. 449, 451-52, 417 S.E.2d 312, 313 (1992) (citing Mason v. Commonwealth, 7 Va. App. 339, 346, 373 S.E.2d 603, 607 (1988)). Because the Commonwealth offers its contention that Jackson's encounter with Officer Sprinkle was consensual in support of the trial court's denial of the motion to suppress, Rule 5A:18 does not apply.

the wrong reason. We disagree because in the context of a determination of whether a seizure occurred under the Fourth Amendment, the appellate court performs a de novo review of the application of the law to the facts, unhindered by the trial court's application of the law to those same facts. See Sykes v. Commonwealth, 37 Va. App. 262, 267, 556 S.E.2d 794, 796 (2001). Moreover, the trial court found, at least by implication, that Jackson was seized and in making that determination had to consider whether the encounter was consensual.

We find, in view of all the circumstances in the record surrounding the incident, a reasonable person would have believed that he was free to leave in this situation. Here, although both officers were in uniform, neither officer drew his weapon, physically restrained Jackson, or by show of force or authority indicated that Jackson was not free to leave. Neither officer initially approached Jackson, but rather, from approximately fifty to seventy-five feet away, Officer Sprinkle called out to Jackson, "Hey, come here. I need to talk to you." Jackson stopped, and he subsequently answered Officer Sprinkle's inquiries regarding identification.

The fact that Jackson complied with Officer Sprinkle's request to "come here" does not make the encounter a seizure. There is no evidence that Jackson's compliance with the officer's request was unwillingly compelled. There is no evidence in the record of a "threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be

compelled." Mendenhall, 446 U.S. at 554; see also McCain v. Commonwealth, 261 Va. 483, 545 S.E.2d 541 (2001).

The fact that Jackson was not told he could ignore the officer's request does not change our analysis. "While most citizens will respond to a police request, the fact that people do so, and do so without being told that they are free not to respond, hardly eliminates the consensual nature of the response." Delgado, 466 U.S. at 216.

Our conclusion is supported by established case law. The Supreme Court of Virginia has held, under circumstances very similar to this case, that no Fourth Amendment seizure occurred. In Baldwin, 243 Va. 191, 413 S.E.2d 645, the police officer observed the defendant and his companion at 11:30 p.m. standing at one end of a parking lot near a dumpster. About 15 feet away, the officer "put a big floodlight on them . . . [and] said, 'you two, come over here." Id. at 194, 413 S.E.2d at 646-47.

When they complied, the officer observed that Baldwin was intoxicated. While searching Baldwin incident to an arrest for public intoxication, the officer discovered drugs. Applying the Mendenhall factors, the Court found that when the officer shined the light on Baldwin and called for him and his companion to come to him, the officer had not restrained Baldwin's liberty or seized him for purposes of the Fourth Amendment. The encounter had been consensual. Id. at 199, 413 S.E.2d at 649-50; see also, Ford v. City of Newport News, 23 Va. App. 137, 142, 474 S.E.2d 848, 850 (1996) (holding a similar encounter to that in Baldwin was consensual).

The mere calling to a citizen to approach does not amount to a stop implicating the Fourth Amendment unless joined with other factors similar to those identified in Mendenhall and its progeny.  See Baldwin, 243 Va. at 196-99, 413 S.E.2d at 648-50; see also, United States v. Moreno, 897 F.2d 26 (2d. Cir. 1990); People v. King, 139 Cal. Rptr. 926 (Cal. Ct. App. 1977); People v. Ortiz, 305 N.E.2d 418 (Ill 1973).  There are no such factors in the case at bar.

Considering the totality of the circumstances and applying the Mendenhall factors, we conclude Jackson was not seized within the meaning of the Fourth Amendment until Officer Sprinkle placed him under arrest for the outstanding warrants.  Prior to that time the encounter was consensual.  Therefore, the discovery of the heroin occurred in a legitimate and lawful search incident to arrest.

Accordingly, as Jackson was not seized under the Fourth Amendment prior to his arrest, we affirm the judgment of the trial court to deny Jackson's motion to suppress and affirm Jackson's conviction.[2]

Affirmed.

---

[2] Having found Jackson was not seized, we do not address the issue of reasonable suspicion because it is not relevant when a consensual encounter occurs.