COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


HERMAN WILLIAM McCULLOUGH, JR.
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1155-02-1          JUDGE ROBERT P. FRANK
                                         MARCH 11, 2003
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    William H. Oast, Jr., Judge

          Charles B. Lustig, Assistant Public Defender,
          for appellant.

          Michael T. Judge, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     Herman W. McCullough, Jr. (appellant) was convicted in a

bench trial of grand larceny, in violation of Code § 18.2-95.  On

appeal, he contends the evidence was insufficient to prove grand

larceny since no evidence proved the money was taken without the

owner's consent and no evidence proved fraudulent intent.  Because

this issue is procedurally defaulted under Rule 5A:18, we affirm

the conviction.

     At trial,[1] after the Commonwealth rested, appellant argued

the prosecution had not proven the taking occurred without the

------------------------------------

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] A statement of the facts related to the offense is not
necessary for this analysis.

owner's consent and had not proven fraudulent intent. Appellant

then testified. At the close of all the evidence, appellant's

counsel argued, "Judge, all this aside, he doesn't have a

license, there were some miscommunications, he didn't return the

money, I think this is all in the nature of a civil charge. I

don't think --" At this point, the trial court interrupted and

found appellant guilty.[2]

In his brief, pursuant to Rule 5A:20(c),[3] appellant

designated the argument at the conclusion of the Commonwealth's

evidence and the above language as the places where the question

was preserved for appeal. Clearly, appellant did not raise the

"consent issue" or the "intent to defraud" issue after he

presented his evidence. Appellant did not make any additional

---

[2] While the trial court interrupted appellant's counsel,
counsel had a duty to have the record reflect his entire motion.
The record does not indicate the trial court prevented
appellant's counsel from proffering his complete motion. See,
e.g., Knight v. Commonwealth, 18 Va. App. 207, 216, 443 S.E.2d
165, 170 (1994) ("We acknowledge the difficult situation that a
trial judge places counsel in by having to object to the judge's
comments upon the evidence. . . . Nevertheless, our case law is
clear that the responsibility for a timely objection or motion
lies with counsel."). While we do not condone a trial court's
interruption when counsel is making such a motion, counsel's
duty to preserve an issue for appeal is clear.

[3] Rule 5A:20(c) requires an appellant's brief include "[a]
statement of the questions presented with a clear and exact
reference to the page(s) of the transcript, written statement,
record, or appendix where each question was preserved in the
trial court."

closing argument to the trial court nor did he file a motion to set aside the verdict.

Rule 5A:18 states:

> No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.  A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

In Campbell v. Commonwealth, we elaborated on this rule:

> On appeal, a ruling of a trial court cannot be a basis for reversal unless an objection is stated "together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to obtain the ends of justice." Rule 5A:18.  An appeal of an issue of sufficiency of evidence is barred under this rule if not raised at trial.  See Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978).  It is sufficient, however, if "at the time the ruling or order of the court is made or sought, [a party] makes known to the court the action which he desires the court to take or his objections to the actions of the court and his grounds therefor."  Code § 8.01-384.  The goal of the contemporaneous objection rule is to avoid unnecessary appeals, reversals and mistrials by allowing the trial judge to intelligently consider an issue and, if necessary, to take corrective action.

12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc).  In a bench trial, to preserve a sufficiency argument after presentation of evidence by the defense, "the defendant must

-

make a motion to strike at the conclusion of all the evidence, present an appropriate argument in summation, or make a motion to set aside the verdict." Howard v. Commonwealth, 21 Va. App. 473, 478, 465 S.E.2d 142, 144 (1995).

Here, the argument at the conclusion of all the evidence did not address appellant's position regarding the owner's consent or fraudulent intent. Thus, he did not preserve these sufficiency arguments for appeal. Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue on brief, in a reply brief, or in oral argument that either of these exceptions applies. See, e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). Although the trial court interrupted counsel's closing argument, we do not find the exceptions in Rule 5A:18 apply to the facts of this case. See Faizi-Bilal Int'l Corp. v. Burka, 248 Va. 219, 222-23, 445 S.E.2d 125, 126-27 (1994) (refusing to apply either exception as the defendants "could have brought their objections to the trial court's attention" where defendants were unaware of the entry of the court's order until one day before the order became final). Contrast Mason v. Commonwealth, 7 Va. App. 339, 345-46, 373 S.E.2d 603, 606 (1988) (finding counsel was "taken by surprise"

-

which allowed him no "opportunity to object to the trial court's ruling").  Appellant could have asked the judge to allow him to continue his argument for the record or could have made the argument in a motion to set aside the verdict.  He had the ability to present any additional argument to the trial court in a timely manner, giving the court an opportunity to correct any errors.

Rule 5A:18 bars our review of this case.  Thus, we affirm the trial court's finding.

Affirmed.