**Richmond**

JESSE EDWARD BRITTINGHAM

v.

COMMONWEALTH OF VIRGINIA

No. 1196-88-2

Decided July 3, 1990

COUNSEL

John B. Mann (Levit & Mann, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLE, J.**—On March 3, 1988, Jesse Brittingham pled guilty to a cocaine charge and was sentenced to serve twenty-five years in the penitentiary with twenty-one years suspended. On July 29, 1988, the court revoked his suspended sentence. On appeal, Brittingham contends: (1) the trial court erred by refusing to allow him to call the assistant Commonwealth's attorney as a witness; (2) he was denied his right to be present at all stages of the revocation hearing; (3) the trial court violated Code § 19.2-165 by hearing testimony in chambers without a court reporter; (4) the trial court erred by failing to dismiss the revocation hearing; and (5) the trial court abused its discretion by revoking his suspended sentence. Finding that Code § 19.2-165 was violated, we reverse the decision of the trial court.

On March 3, 1988, the defendant, Jesse Edward Brittingham, pled guilty to possession of cocaine with intent to distribute and was sentenced to twenty-five years in the penitentiary with twenty-one years suspended on condition of good behavior. Assistant Commonwealth's attorney Thomas McNally represented the Commonwealth in this proceeding.

On March 8, 1988, while at the Richmond City Jail, a police officer observed Brittingham holding a blue tissue after shaking hands with a guard. The officer became suspicious so he decided to take Brittingham to a building to search him. When he opened the door to the building, Brittingham threw the blue tissue behind a food cart. The tissue was retrieved and it contained marijuana.

On March 9, 1988, during an interview with Brittingham, McNally stated:

[I]'m not making you any promises at this stage as to whether or not we're going to show cause you or whether or not you're going to be criminally charged with marijuana.

[B]ased on your cooperation, I have the discretion whether or not to charge you . . . or . . . issue a show cause order for you. I'm telling you right now that I'm not promising you that I'm not going to charge you and I'm not promising you that I will not issue a show cause. All of these decisions will be made based on your performance and cooperation with the police department.

Thereafter, Brittingham voluntarily talked with McNally and police officers about the source and manner of delivery of the marijuana.

On the Commonwealth's motion, the court issued a show cause order regarding Brittingham's suspended sentence on his cocaine conviction. Brittingham was also indicted for possession of drugs while an inmate and conspiring to distribute marijuana at the Richmond City Jail.

On July 29, 1988, Brittingham appeared in the Circuit Court of the City of Richmond on motions to quash the show cause order and the criminal indictments, alleging that McNally promised him transactional immunity during the March 9 interview and that in reliance on McNally's statement, Brittingham had cooperated.

Brittingham subpoenaed McNally to testify and the Commonwealth filed a motion to quash the subpoena pursuant to Rule 3A:12. The court held an *in camera* proceeding to determine whether it was necessary to have McNally testify as to whether he had given Brittingham immunity. Defense counsel requested that a court reporter be present during the *in camera* proceeding in order to preserve the record. The court replied, "But in camera means there is no one there but the Judge. That's the idea of it. Not that we don't trust Court Reporters; the idea [is that] there is no record." Defense counsel renewed his request for a court reporter in the *in camera* proceeding to make a record and the court again concluded, "In camera means in the presence of the Judge without a record." The court maintained that in order to preserve the record, he would make his official ruling in open court in the presence of the defendant and take objections and exceptions there. The prosecutor and defense counsel were permitted to be present during the *in camera* proceeding, and defense counsel was permitted to cross-examine McNally.

After the *in camera* proceeding on whether McNally's testimony was necessary, the court found that the transcript of the conversation was the sole conversation, that Brittingham had cooperated in the eyes of the assistant Commonwealth's attorney and that there was no need for McNally to testify. The court determined that the issue to be decided was whether Brittingham had been misled and had relied on McNally's statement to his detriment. Based upon McNally's actions, the court dismissed the criminal indictments. However, the court held that McNally's representations did not bar the court from issuing a show cause order or, given the appropriate evidence, revoking the suspended sentence. The court heard evidence of Brittingham's possession of marijuana and revoked his twenty-one year suspended sentence.

A person tried for a felony has the right to be personally present during the trial. Code § 19.2-259. This right has been read very broadly. The Supreme Court has defined the phrase "during the trial" to mean "every stage of the trial from [the accused's] arraignment to his sentence, when anything is to be done which can affect his interest." *Jones v. Commonwealth*, 227 Va. 425, 428, 317 S.E.2d 482, 483 (1984)(quoting *Palmer v. Commonwealth*, 143 Va. 592, 605, 130 S.E. 398, 402 (1925)). Code § 19.2-165 states that "[i]n all felony cases, the court or judge trying the case shall by order entered of record provide for the recording verbatim of the evidence and incidents of trial." We hold that, in this case, the *in camera* proceeding was an incident of trial.

The *in camera* hearing was a stage of the trial where something could be done to affect the defendant's interests, *see Bilokur v. Commonwealth*, 221 Va. 467, 469-70, 270 S.E.2d 747, 749 (1980); therefore, the defendant was entitled to have a court reporter present. The *in camera* hearing was not merely to determine a legal question. Testimony was heard to determine whether McNally promised Brittingham immunity from prosecution. Defense counsel was given the right to cross-examine the witness. The witness was taken to the judge's chambers for the purpose of asking him substantive evidentiary questions.

After hearing this testimony, the judge made a legal determination that this testimony was not necessary. The trial judge based his ruling, in part, upon the *in camera* testimony. Without a record of the testimony, we are unable to review whether this testi-

mony was probative as to the issue of whether the Commonwealth's attorney made a promise to Brittingham. *See Fariss v. Tsapel*, 3 Va. App. 439, 442-43, 350 S.E.2d 670, 672-73 (1986). Hence, Brittingham was prejudiced by the failure to record that portion of the trial.

The Commonwealth argues that the defense failed to make a timely objection, contrary to the requirements of Rule 5A:18. When defense counsel requested that the *in camera* testimony be heard with a court reporter, the court replied, "In camera means in the presence of the Judge. Without a record." This ruling was erroneous. *In camera* proceedings are proceedings excluding the public. The defendant is entitled to be present and to have a court reporter present except under narrowly defined circumstances. *See Williams v. Commonwealth*, 188 Va. 583, 593, 50 S.E.2d 407, 411-12 (1948)(defendant need not be present for "consideration of purely legal matters by the trial judge which are in fact and reality merely careful and prudent preparation for the resumption and conduct of the trial"). Defense counsel requested the trial court several more times to have a court reporter present. We find that these requests were a sufficient objection to notify the trial court of its content; therefore, Rule 5A:18 has been complied with.

We do not find it necessary to address the remaining issues since they may not be present in a retrial of the case. Finding that the trial court erred by hearing testimony in chambers without a court reporter and that this constitutes trial error, we reverse the decision of the trial court and remand for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Benton, J., and Willis, J., concurred.