## Norfolk
CLIVE T. ELLIS

v.

COMMONWEALTH OF VIRGINIA

No. 0909-90-1

Decided March 3, 1992

COUNSEL

Paul E. Sutton, Jr., for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—Clive T. Ellis (appellant) appeals from his bench trial conviction by the Circuit Court of the City of Norfolk (trial court) for possession of cocaine with the intent to distribute.[1] We granted this appeal limited to the issue whether the trial court erred when it denied appellant's motion for discovery and quashed a request for a subpoena duces tecum for items[2] used by the Commonwealth's laboratory chemist, Morris B. Fortune, during his tests and/or analysis of the substance he identified as cocaine. For the reasons that follow, we reverse.

The facts presented at trial are not in dispute, except as to the nature of the substance identified as cocaine in the Certificate of Analysis. On August 10, 1989, pursuant to a search warrant, Norfolk police officers found appellant in possession of one hundred and eighty-four small packages containing the substance analyzed and identified in the Certificate. The total weight of the substance contained in the packages was one hundred and sixty-six grams. Appellant was arrested, charged, indicted and convicted for possession of cocaine with the intent to distribute.

[1] The indictment referenced Code §§ 54-524.84:6 and 18.2-248.

[2] *See* note 4, *infra*.

Prior to trial, appellant filed a motion for discovery[3] and a motion *in limine* asserting that the substance found in the packages was material to the charge in the indictment pursuant to which he was to be tried; that the test made by the chemist who executed the analysis was so defective that the analysis would be inadmissible at trial; and that the chain of custody of the substance could not be substantiated. The trial court denied appellant's motions. In view of our finding, it is not necessary that we address the issue presented by the trial court's denial of the discovery motion.

When the trial court denied his motion for discovery, appellant requested that a subpoena duces tecum be issued to Morris B. Fortune, of the Bureau of Forensic Science in Richmond, requiring him to appear and bring with him most of the information[4] requested by the discovery motion. The Commonwealth's motion to quash the subpoena duces tecum was sustained.

Citing *Spencer v. Commonwealth*, 238 Va. 295, 303, 384 S.E.2d 785, 791 (1989), *cert. denied*, 493 U.S. 1093 (1990), the Commonwealth argues that previous Virginia cases have held that the "work notes" and "memoranda" made in the preparation of a scientific report are not subject to discovery. The Commonwealth suggests that *Spencer* stands for the proposition that the reference materials relied upon by the chemist to produce such documents are not discoverable nor are they subject to production by a subpoena duces tecum. Moreover, the Commonwealth further argues that matters sought by the subpoena are not material to any issue to be decided at trial. We disagree and find that, pursuant to Rule 3A:11, appellant was entitled to subpoena all writings used by the chemist to conclude that the substance examined and tested by

---

[3] Appellant's Motion for Discovery requested:

1. The brand name, model number, equipment manufacturer's name of all equipments used by the chemist during the testing and/or analysis of any substance the Commonwealth intends to use as evidence at trial;

2. Copies of all graphs, charts, re-agent recipes, procedure manuals and equipment program diskettes used during the testing and/or analysis of such substance; and

3. Copies of the academic degrees, certificates of training and other pertinent credentials of any chemist who performed the test and/or analysis of such substance.

[4] Appellant's letter requesting the subpoena duces tecum asked that Fortune produce "copies of all graphs, charts, reagents, recipes, procedural manuals, programs, and diskettes used during the laboratory testing or analysis of any alleged central substance." In addition, request was made for documents supporting the chemist's credentials.

him was cocaine.

■ The burden is on the Commonwealth to prove beyond a reasonable doubt that the substance possessed by the accused is in fact a substance he may not lawfully possess. Code § 19.2-187 permits the Commonwealth to introduce the certificate into evidence without the presence of the person who performed the analysis. Code § 19.2-187.01 provides that the certificate shall be *prima facie* evidence as to the custody of the material tested. Code § 19.2-187.1 directs that when such certificate is admitted into evidence pursuant to the foregoing Code provisions, "the accused shall have the right to call the person performing such analysis" and "examine him in the same manner as if he had been called as an adverse witness." Moreover, that Code section further provides that "[s]uch witness shall be summoned and appear at the cost of the Commonwealth." Appellant argues that Code § 19.2-187.1 would be meaningless if he is denied the requested information because without it, he cannot effectively exercise his right to cross-examine the chemist as provided in that Code section.

> Cross-examination is fundamental to the truth-finding process. It is an absolute right guaranteed by the confrontation clause of the Sixth Amendment. One purpose of cross-examination is to show that a witness is biased and his testimony unreliable because it is induced by considerations of self-interest. Indeed, we consistently have held that "the right of an accused to cross-examine prosecution witnesses to show bias or motivation, when not abused, is absolute."

*Barker v. Commonwealth*, 230 Va. 370, 376, 337 S.E.2d 729, 734 (1985)(citations omitted).

The Commonwealth argues that because the items requested were not material to any issue before the trial court, Rule 3A:11 may not be used as a basis for the subpoena. The trial court held that the items did not meet the materiality requirement of Rule 3A:11 and sustained the Commonwealth's motion to quash.

We cannot perceive a more material issue under the indictment pursuant to which appellant was tried than whether the substance found in his possession was in fact cocaine. On that point, the Certificate of Analysis was the only evidence offered by the Com-

monwealth to meet its burden to prove the nature of the substance. The certificate disclosed that the chemist concluded the substance was cocaine. The accused is not required to accept that conclusion. He is entitled to challenge it and the Commonwealth is required to prove it beyond a reasonable doubt. The truth-finding process may not require that work papers or memoranda that assisted in the preparation of the scientific paper be revealed, but it does require that if the scientist used information contained in other authorities to reach his conclusion, the accused is entitled to know what they are so that the challenge anticipated by Code § 19.2-187.1 effectively can be made. Rule 3A:11 provides the vehicle to enable the accused to make an intelligent challenge.

For the reasons stated, the judgment of the trial court is reversed and this case remanded for such further proceedings as the Commonwealth may be advised.

*Reversed and remanded.*

Moon, J., and Willis, J., concurred.