## Alexandria

KEVIN JAMES GIBBS

v.

COMMONWEALTH OF VIRGINIA

No. 1433-91-4

Decided July 6, 1993

698

COUNSEL

Steven T. Webster, Assistant Public Defender (Office of the Public Defender, on brief), for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—In this appeal from a criminal conviction, we hold that a subpoena *duces tecum* applied for under the provisions of Rule 3A:12(b) is not limited to materials that are admissible in evidence but may be issued for any writings or objects that are "material to the proceedings."

Before trial, the defendant, who was charged with crimes arising out of a bank robbery, requested a subpoena *duces tecum* to be directed to an individual who was employed by and represented the bank that had been robbed. The defendant requested "all documents, records, reports, statements, letters, recordings, or other writings or items relating to the robbery." The Commonwealth moved to quash the subpoena because it was overbroad and because the materials sought constituted police work-product. The trial court reviewed the

documents *in camera* and ruled that only documents that were material and could be used as evidence at the trial could be the subject of a subpoena *duces tecum*. The court further ruled that only the photographs taken by the bank's surveillance camera showing the participants in the robbery and the teller settlement sheets used to identify discrepancies between the total receipts and total disbursements for the day met this standard. The trial court held that other materials, including "witnesses' statements, investigative reports, and newspaper articles about the crime" were not subject to the subpoena because they would not be admissible into evidence at trial.

■ In a criminal proceeding, either the defendant or the Commonwealth may apply for a subpoena to obtain writings and objects that are material to the proceedings and in the possession of a third party. Rule 3A:12(b).[1] Documents and objects that can be used at trial are among those that are the proper subject of a subpoena *duces tecum*. *Cox v. Commonwealth*, 227 Va. 324, 328, 315 S.E.2d 228, 230 (1984).

■ However, the scope of a subpoena *duces tecum* is not limited to those objects or documents that may be used at trial. *See id.*; *see also Ellis v. Commonwealth*, 14 Va. App. 18, 22, 414 S.E.2d 615, 617 (1992); *Patterson v. Commonwealth*, 3 Va. App. 1, 8, 348 S.E.2d 285, 289 (1986). When sought by an accused, a subpoena *duces tecum* furthers the accused's right "to call for evidence in his favor." Va. Const. art. I, § 8. This right includes "the right to prepare for trial which, in turn, includes the right to interview *material* witnesses and to ascertain the truth." *Bobo v. Commonwealth*, 187 Va. 774, 779, 48 S.E.2d 213, 215 (1948) (emphasis added); *see also Cox*, 227 Va. at 328, 315 S.E.2d at 230. The right of an accused "to call for evidence in his favor" includes the right to procure demonstrative evidence. *Cox*, 227 Va. at 328, 315 S.E.2d at 230. Thus, if objects or documents are material to the offenses with which an accused is charged, the accused has the right in preparing for trial to examine them. *Id.*

■ Materiality may be determined by the effect of a document on the preparation and presentation of an accused's case. *White v.*

---

[1] Rule 3A:12(b) states, in part: "Upon notice to the adverse party and on affidavit by the party applying for the subpoena that the requested writings or objects are material to the proceedings and are in the possession of a person not a party to the action, the judge or the clerk may issue a subpoena duces tecum for the production of writings or objects described in the subpoena."

*Commonwealth*, 12 Va. App. 99, 103, 402 S.E.2d 692, 695, *aff'd on reh'g en banc*, 13 Va. App. 284, 410 S.E.2d 412 (1991). For example, an extra-judicial statement of a witness may be important to the preparation, as well as the conduct, of a criminal trial if it identifies other witnesses, if it may be used to refresh a witness' recollection, if it may be used as a basis for cross-examining a witness, particularly impeaching a witness' testimony, or if it may be used as evidence of a past recollection recorded. *Id.*

■ Neither the opinion of the Supreme Court in *Cox v. Commonwealth*, 227 Va. at 328, 315 S.E.2d at 230, nor that of our court in *Farish v. Commonwealth*, 2 Va. App. 627, 630, 346 S.E.2d 736, 738 (1986), limits the scope of a subpoena *duces tecum* under Rule 3A:12(b) to materials that are admissible into evidence. In *Cox*, the Supreme Court held only that materials that " 'could be used at trial' " were "the proper subject of a subpoena *duces tecum*." *Cox*, 227 Va. at 328, 315 S.E.2d at 230. *Cox* did not hold that other materials, not admissible into evidence, were not the proper subject of such a subpoena. *See id.* In *Farish*, we did not hold that a subpoena *duces tecum* was limited to documents or objects that are admissible into evidence. *Farish*, 2 Va. App. at 630, 346 S.E.2d at 738. Instead, we held that such a subpoena could not be obtained unless there was at least "a substantial basis for claiming" that the documents or objects sought were material. *Id.* Neither opinion addressed whether a subpoena *duces tecum* under Rule 3A:12(b) is limited to the production of documents and objects admissible into evidence.

■ Furthermore, we are not required to follow the United States Supreme Court's interpretation of the federal rule regarding a subpoena *duces tecum*. A subpoena *duces tecum* issued under the Federal Rules of Criminal Procedure may be used only to require production of documents that are both "evidentiary and relevant." *United States v. Nixon*, 418 U.S. 683, 699 (1974); *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). References in *Cox* and *Farish* to the opinion of the United States Supreme Court in *Bowman Dairy* merely supported the propositions for which the opinion was cited and do not represent an adoption of the United States Supreme Court's interpretation of the Federal Rules of Criminal Procedure. The only limitation contained in Rule 3A:12(b) is that the writings or objects sought be "material to the proceedings" and "in the possession of a person not

a party to the action." *See* Rule 3A:12(b). We do not, therefore, construe the reference in *Cox* to the opinion in *Bowman Dairy* as adopting an additional limitation on the application of Rule 3A:12(b).

The trial court incorrectly limited the scope of the subpoena *duces tecum* by using admissibility, rather than materiality, as the criterion of Rule 3A:12(b). Among the materials excluded from the scope of the subpoena *duces tecum* by the trial court's ruling were witnesses' statements. To the extent that these statements or any of the other materials tend "to establish a probability or improbability . . . of a fact in issue" at the defendant's trial, they are material. *Ferrell v. Commonwealth*, 11 Va. App. 380, 388, 399 S.E.2d 614, 619 (1990). Consequently, the defendant may have been entitled to obtain the other documentary material even though it was not admissible into evidence.

The trial court's refusal to issue a subpoena *duces tecum*, however, is not reversible error absent a showing of prejudice. *Conway v. Commonwealth*, 12 Va. App. 711, 716, 407 S.E.2d 310, 312-13 (1991) (en banc). We are unable to determine whether the failure to obtain the excluded documents prejudiced the defendant because, after examining them *in camera*, the trial court failed to make them a part of the record. Therefore, we vacate the judgment and remand the proceeding to the trial court to determine whether the error prejudiced the defendant. If so, the trial court shall order a new trial. If not, it shall reinstate the judgment.

■ The defendant also challenges his convictions because the trial court, without the defendant's consent, directed the court reporter to cease recording the testimony of a witness being heard out of the presence of the jury. A trial court is prohibited from directing a "court reporter to cease recording any portion of the proceeding without the consent of all parties or of their counsel of record." Code § 19.2-165; *Brittingham v. Commonwealth*, 10 Va. App. 530, 533, 394 S.E.2d 336, 339 (1990). Although Barrow, J. is of the opinion that the record does not establish that the defendant had an opportunity to object to the trial court's action and, therefore, Rule 5A:18 does not apply; *see* Code § 8.01-384(A); *Mason v. Commonwealth*, 7 Va. App. 339, 346, 373 S.E.2d 603, 606 (1988); the majority of the panel holds that Rule 5A:18 bars consideration of this issue because the defendant did not object on the record to the trial court's action and had an opportunity to do so at the time the court ordered the court reporter to cease transcribing the proceedings or at the time the transcription resumed.

Therefore, the judgments of conviction are vacated and the proceeding is remanded for the trial court to determine whether the refusal to issue a subpoena *duces tecum* prejudiced the defendant. If so, it shall order a new trial; if not, it shall reinstate the judgment.

*Vacated and remanded.*

Koontz, J.,* and Willis, J., concurred.

---

\* When the case was argued, Judge Koontz presided. Judge Moon was elected Chief Judge effective May 1, 1993.