COURT OF APPEALS OF VIRGINIA


Present:  Judges Barrow[*], Coleman and Koontz
Argued at Salem, Virginia


CHARLES E. WILSON

v.          Record No. 1324-93-3      MEMORANDUM OPINION[**]
                                 BY JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA              MAY 16, 1995


            FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
                 Charles B. Flannagan, II, Judge

            James E. Green (Elliott, Lawson & Pomrenke,
            on briefs), for appellant.

            Michael T. Judge, Assistant Attorney General
            (James S. Gilmore, III, Attorney General;
            Virginia B. Theisen, Assistant Attorney General,
            on brief), for appellee.


     Charles Wilson was convicted of the sexual battery of Chris

Oliver.  The appellant contends that the evidence was

insufficient, as a matter of law, to support the conviction; the

trial court erred by refusing to make available discovery

documents requested in a subpoena duces tecum by the defendant;

and the trial court erred when it refused to enter an order

requiring the Commonwealth to respond to specific discovery

requests.

     The complaining witness, Chris Oliver, resides at the "Sun

House" in Bristol, Virginia, a residence for people suffering

---

[*] Judge Bernard G. Barrow participated in the hearing and decision of this case and joined in the opinion prior to his death.

[**] Pursuant to Code § 17-116.010 this opinion is not designated for publication.

from mental retardation or mental deficiencies. One evening, Chris went to his 8:30 p.m. karate class. He finished the class, left the building at 9:30 p.m., and began walking to his residence.

On his way home, two men, whom Chris did not know, called to him. One man, who was later identified as the appellant, Charles Wilson, approached Chris and asked him for money and "a light" for a cigarette. When Chris said he had neither, Wilson asked Chris to buy some beer.

Chris testified that he was nervous and scared and went with Wilson to buy beer. At a nearby convenience store, Chris purchased the beer while the appellant waited outside. When Chris returned with the beer, Wilson asked Chris to go with him behind an adjacent building.

According to the statement of fact, Chris testified during direct examination that while they were behind the building, the appellant touched him on the "genitals." Chris stated that he then pushed Wilson's hand away and told Wilson that he did not like men. On cross-examination, Chris was asked to explain what he meant by his testimony. Chris explained that Wilson "tried to put his hand down" Chris's pants, and that when Wilson "attempted" to do so, Chris pushed his hand away and told Wilson not to do that. He further testified that "that was the limit of the touching made on [Chris] by [Wilson]."

Wilson contends that the evidence is insufficient as a

matter of law to sustain the conviction for sexual battery.  To commit sexual battery, the offender must have "sexually abuse[d] the complaining witness, by force, threat or intimidation, or through the use of the complaining witness's mental incapacity or physical helplessness."  Code § 18.2-67.4.  Sexual abuse is defined as "an act committed with the intent to sexually molest, arouse or gratify any person, where: (a) the accused intentionally touches the complaining witness's intimate parts or clothing covering such intimate parts."  Code § 18.2-67.10(6).

In order to prove sexual abuse as an element of Code § 18.2-67.4, an offender must either touch the complaining witness's intimate parts or touch the clothing covering the intimate parts.  Based upon the statement of fact, the evidence fails to prove that the appellant either touched Chris's genitals or the clothing which covered Chris's genitals.  This is not a situation where the fact finder can determine what weight or credibility should be given to conflicting testimony.  Although Chris, who is mentally retarded, testified that the appellant touched his "genitals," when asked on cross-examination what he meant by the statement, he explained that Wilson "tried" to put his hands down his pants and that when Wilson "attempted" to do so, Chris pushed his hand away and that these actions were the "limit of the touching."  Viewed in the light most favorable to the Commonwealth, Chris's explanation disavows that Wilson touched Chris's genitals and is insufficient as a matter of law

-3-

to prove beyond a reasonable doubt the statutory element of sexual abuse.  See Johnson v. Commonwealth, 5 Va. App. 529, 534-35, 365 S.E.2d 237, 240 (1988).  At most, the evidence proves attempted sexual battery.  Accordingly, we reverse and remand the case for such further action as the Commonwealth may deem appropriate.

Because the other two issues raised on appeal will necessarily arise on remand, we address them.  Pursuant to Rule 3A:12, the appellant requested that the trial court issue a subpoena duces tecum for the complaining witness's personal and medical records at Sun House.  The court ordered that the records be produced, the trial judge examined them in camera, and disclosed one document to the appellant on the basis it contained discoverable evidence.  The appellant now complains that the court's in camera review had the effect of "substantially quash[ing]" the subpoena duces tecum and, therefore, denied the appellant his constitutional right to call for evidence in his favor.

Article I, § 8 of the Virginia Constitution provides that an accused has a right "to call for evidence in his favor."  To foster this right, Rule 3A:12 provides that a criminal defendant may apply for a subpoena duces tecum to obtain documents in the possession of third parties.  See Gibbs v. Commonwealth, 16 Va. App. 697, 432 S.E.2d 514 (1993).

On appeal, in order to establish that a trial court's

failure to enforce discovery is reversible error, an appellant must demonstrate that the information sought was material to the case. See Coy v. Commonwealth, 237 Va. 324, 328, 315 S.E.2d 228, 230 (1984). If documents are material to the charged offense, the accused has a right to examine them. Gibbs, 16 Va. App. at 699, 432 S.E.2d at 515. In order for a failure to order discovery to justify reversal of a judgment, a "reasonable probability [must exist] that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Patterson v. Commonwealth, 3 Va. App. 1, 8, 348 S.E.2d 285, 289 (1987) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)). Thus, while we are not considering whether the undisclosed evidence is material for purposes of reversible error, we consider for purposes of remand whether undisclosed evidence is relevant and material in the traditional sense.

Evidence is relevant if it has any tendency, however slight, to prove a material fact or element in the case. Jenkins v. Winchester Dep't of Social Services, 12 Va. App. 1178, 1186, 409 S.E.2d 16, 21 (1991). The credibility, bias, or prejudice of the complaining witness is a material fact in a criminal prosecution. See Burrows v. Commonwealth, 17 Va. App. 469, 472, 438 S.E.2d 300, 304 (1993). Thus, a fact which tends to prove that the complaining witness is not credible or is biased or prejudiced is relevant and discoverable, unless it is privileged and not discoverable for other reasons. Clinebell v. Commonwealth, 235

Va. 319, 368 S.E.2d 263 (1988).

Upon our review of the records which the trial court considered in camera, we find that certain of the documents are relevant and material to the charged offense. The records contained a written evaluation of Chris performed October 17, 1989, which reported that he had produced drawings which, in the evaluator's opinion, showed that Chris had "possible ambivalent sexual fantasies," and manifested some sexual frustration, and heard voices telling him to "do bad things" like have sex. The report also states that while at the group home, Chris had displayed inappropriate sexual behavior. These portions of that document relate to issues that are relevant to the credibility and believability of the complaining witness. Accordingly, upon remand, in the event of a retrial, the relevant portions of this document shall be provided to the defendant. By so holding, we do not decide that the documents are admissible, nor do we consider whether they may be exempt from discovery for other reasons. We only determine that facially, the document contains relevant evidence that appears to be discoverable.

As to the appellant's claim that the trial court erred when it declined to enter his proposed specific detailed discovery order and instead ordered discovery pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Rule 4:9, we find no error in the trial court's discretionary ruling. Although specificity in

a discovery order is preferred and suggested, see Hackman v. Commonwealth, 220 Va. 710, 713, 261 S.E.2d 555, 557-58 (1980), a trial judge has wide latitude in fashioning a discovery order depending upon the nature of the case and of the need for discovery.  The trial court's broad order in no way limited the materials which the appellant sought.  The discovery order was at least as broad to require the production of all Brady material, but it also included the production of evidence included by Rule 3A:11, a rule designed to be used in felony trials.

The appellant has made no showing of prejudice by the judge's refusal to enter the specific order, nor has the appellant shown that the Commonwealth did not comply with the order of the court.  See Ramdass v. Commonwealth, 246 Va. 413, 420, 437 S.E.2d 566, 570 (1993) (stating that nothing in the record indicates that the Commonwealth's attorney has withheld exculpatory evidence).  We, therefore, find no error in this aspect of the trial judge's order.

Reversed and remanded.