COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judge Bray and
          Senior Judge Overton*
Argued at Norfolk, Virginia


JAMES EARL BENDER

                                    MEMORANDUM OPINION** BY
v.    Record No. 0176-98-1          JUDGE NELSON T. OVERTON
                                    FEBRUARY 23, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                         Walter J. Ford, Judge

          Charles E. Haden for appellant.

          Robert H. Anderson, III, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     James Earl Bender (defendant) appeals his conviction of

forcible sodomy, in violation of Code § 18.2-67.1.  Defendant

presents five questions for review:  (1) was the evidence

sufficient to support the verdict, (2) did the trial court err

when it denied defendant's motion for a continuance, (3) did the

trial court err when it ruled that defense counsel could not ask

the victim about her past history of drug use and prostitution

before laying a proper foundation, (4) did the trial court err by

admitting into evidence a prior sexual felony conviction when the

_____

        *Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

        **Pursuant to Code § 17.1-413, recodifying Code §
17-116.010, this opinion is not designated for publication.

Commonwealth filed a notice with an incorrect date of the conviction, and (5) was the chain of custody sufficient to admit into evidence a gun found in defendant's car? Because we hold that the trial court did not err, we affirm.

The parties are fully conversant with the record in this case and because this memorandum opinion carries no precedental value, no recitation of the facts is necessary.

Defendant first asserts that the evidence was insufficient to support his conviction. When the sufficiency of the evidence is challenged on appeal, we review the evidence in the light most favorable to the Commonwealth and grant to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). We may not disturb the conviction unless it is plainly wrong or unsupported by the evidence. See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). Viewed in this light, we cannot say that defendant's forcible sodomy conviction was erroneous.

"In prosecutions for rape, an accused may be convicted upon the sole and uncorroborated testimony of the prosecutrix." Lear v. Commonwealth, 195 Va. 187, 193, 77 S.E.2d 424, 427 (1953). Similarly, if the trial court found the victim's testimony to be credible, and the testimony established that defendant committed forcible sodomy, then no further evidence was necessary. The victim testified that defendant threatened her with a gun, took her in his car to a secluded location and engaged in anal

intercourse with her against her will.  Notwithstanding defendant's testimony to the contrary, see Lea v. Commonwealth, 16 Va. App. 300, 303, 429 S.E.2d 477, 479 (1993), such evidence supports the conviction, and we affirm.

Defendant next asserts that the trial court erred when it denied his motion for a continuance.  Defendant requested the continuance because one of his witnesses, Officer Hanrahan of the City of Hampton Police Department, failed to respond to her subpoena.  The decision to grant a continuance is submitted to the trial court's sound discretion, and we may not reverse that decision unless it amounts to an abuse of discretion or is "plainly wrong."  Cardwell v. Commonwealth, 248 Va. 501, 508, 450 S.E.2d 146, 151 (1994).  When the reason for the continuance is to secure an absent witness, the proponent of the motion must show that due diligence was used to secure the witness' presence and that the witness was material.  See Shifflet v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 319-20 (1977).  A witness is material if her testimony tends "'to establish a probability or improbability . . . of a fact in issue' at the defendant's trial."  Gibbs v. Commonwealth, 16 Va. App. 697, 701, 432 S.E.2d 514, 516 (1993) (quoting Ferrell v. Commonwealth, 11 Va. App. 380, 388, 399 S.E.2d 614, 619 (1990)).

Defendant proffered that Officer Hanrahan was the first officer to interview the victim.  He did not proffer what effect this might have had on the evidence or any possible prejudice that might result from Officer Hanrahan's absence.  In fact,

several people interviewed the victim and two of them, Officer Lewis Johnson and Detective Pat Orr, testified at trial. What effect Officer Hanrahan's testimony would have made is not apparent from the record and had defendant desired to preserve the issue, he should have proffered his rationale for materiality of the witness. We cannot base a reversal on defendant's unfounded suspicion that Officer Hanrahan's testimony would have been anything but duplicative of the other officers' testimony. Therefore, we affirm the trial court's refusal to grant the continuance.

Defendant also asserts that the trial court erred by stopping defendant from asking the victim about her past history of drug use or prostitution until defendant laid a proper foundation for the questions. The trial court ruled that such questions were highly inflammatory, prejudicial and outside the scope of direct examination. Therefore, defendant's request to explore these subjects was denied unless defendant could first introduce some other evidence that established the subjects were relevant. "'Once a [witness] has testified as to certain matters, the proper scope of cross examination lies within the sound discretion of the trial court.'" Fisher v. Commonwealth, 16 Va. App. 447, 455, 431 S.E.2d 886, 891 (1993) (citation omitted). The trial court may limit cross-examination to those matters explored through the witness' direct testimony. See Stewart v. Commonwealth, 10 Va. App. 563, 567, 394 S.E.2d 509, 512 (1990).

Later in the trial defendant testified that the victim was a prostitute who agreed to intercourse in exchange for money to purchase drugs. Defendant's testimony established a basis for further questioning of the victim regarding these issues. "If a party desires to question an opponent's witness about matters not covered on direct examination, the proper course is to wait and call the witness as a part of the party's own case-in-chief, thereby making the witness the party's own." C. Friend, The Law of Evidence in Virginia § 3-9 (4th ed. 1993) (citing Smith v. Stanley, 114 Va. 117, 75 S.E. 742 (1912)). Defendant did not avail himself of the opportunity to recall the victim and explore this area once a foundation had been established. Therefore, we affirm the trial court's ruling excluding the questions.

Defendant next asserts that a conviction for a previous violent sexual felony should not have been admitted because the Commonwealth had not complied with the notice requirements of Code § 19.2-295.1. Code § 19.2-295.1 states in pertinent part:

> The Commonwealth shall provide to the defendant fourteen days prior to trial notice of its intention to introduce evidence of the defendant's prior criminal convictions. Such notice shall include (i) the date of each prior conviction, (ii) the name and jurisdiction of the court where each prior conviction was had, and (iii) each offense of which he was convicted. Prior to commencement of the trial, the Commonwealth shall provide to the defendant photocopies of certified copies of the defendant's prior criminal convictions which it intends to introduce at sentencing.

The Commonwealth sought to introduce the convictions in order to prove defendant had been convicted of a previous violent sexual offense within the past twenty years.  In such circumstances, defendant would receive a mandatory life sentence.  See Code § 18.2-67.5:3.

The Commonwealth sent notice to defendant that it would introduce two prior sexual convictions.  The notice listed the felonies as "Lauderdale County Mississippi, Rape, 1/25/77" and "Lauderdale County Mississippi, Attempt Forcible Rape, 12/7/72." However, the rape conviction occurred on December 2, 1976, not January 25, 1977, as was incorrectly stated in the Commonwealth's notice.  Defendant also received copies of the conviction orders listing the correct dates.

Defendant objected to introduction of the conviction at sentencing.  The trial court ruled that because defendant had received an actual copy of defendant's prior conviction, including the correct date, the erroneous date contained in the Commonwealth's notice did not make the conviction inadmissible.

Our decision in Lebedun v. Commonwealth, 27 Va. App. 697, 501 S.E.2d 427 (1998), controls this issue.  In circumstances almost identical to those at bar the Court stated,

> [a]lthough the Commonwealth's notices incorrectly stated the dates of the actual convictions, the Fairfax County conviction order and the Maryland conviction documentation apprised Lebedun of the convictions that would be proven and the correct dates. . . .  The Commonwealth's failure to strictly comply with the procedural requirements of Code § 19.2-295.1

> violated no substantive right and did not
> prejudice Lebedun's ability to contest the
> validity of the convictions.

Id. at 717-18, 501 S.E.2d at 437. Defendant was provided with certified copies of his convictions before trial. Further, defendant admits that the conviction to which he objected actually occurred. Because the Commonwealth substantially complied with Code § 19.2-295.1 and defendant had sufficient notice to prepare himself for trial, we affirm the trial court's decision to admit the convictions into evidence.

Finally, defendant contends that the trial court erred by admitting into evidence a BB gun found in defendant's car. He claims that the Commonwealth failed to prove the "chain of custody" of the gun between its seizure and its presentation at trial. In order to authenticate a piece of evidence "[t]he Commonwealth is not required to exclude every conceivable possibility of substitution, alteration, or tampering. All that is required in order to establish a chain of custody is that the Commonwealth's evidence 'afford reasonable assurance that the exhibits at trial are the same and in the same condition as they were when first obtained.'" Pope v. Commonwealth, 234 Va. 114, 121, 360 S.E.2d 352, 356 (1987) (quoting P. Smith v. Commonwealth, 219 Va. 554, 559, 248 S.E.2d 805, 808 (1978)). This determination lies within the "broad discretion" of the trial court, and we will reverse only upon an abuse of that discretion. See Crews v. Commonwealth, 18 Va. App. 115, 118-19, 442 S.E.2d 407, 409 (1994).

Detective James Brown found the BB gun under the front seat of defendant's car.  Detective Brown gave the gun to Detective Orr who later gave it to Crime Scene Technician Linda Woods. Technician Woods had custody of the gun until she brought it to court on the day of trial.  All the witnesses identified the gun by sight and by serial number or case number, which were recorded when the gun was found.  The bag in which the gun was kept bore the names of the witnesses and the name "Detective Johnson." Officer Lewis Johnson was present when the gun was found, but did not handle the gun himself.

The witnesses established the gun was the same one found in defendant's vehicle and in the same condition as when it was first obtained, which was all that was required.  See Bassett v. Commonwealth, 222 Va. 844, 854-55, 284 S.E.2d 844, 851 (1981). Moreover, defendant testified that the gun presented at trial belonged to him and he kept it in his car.  In light of defendant's testimony, the Commonwealth proved the gun offered at trial was the same gun used by defendant the night he sodomized the victim.

We hold that the trial court committed no reversible error during defendant's trial.  Accordingly, his conviction is affirmed.

Affirmed.