# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Won Kim

May 23, 2000

Case No. CF00-0201

BY JUDGE JOHN E. KLOCH

This matter came on to be heard on the motion of Counsel for the City of Alexandria to quash the Subpoena Duces Tecum served upon the Sexual Assault Response Awareness Program (SARA) at the City's Office on Women. The subpoena was issued at the request of counsel for the Defendant, Won Kim, who has been indicted for various sexual offenses. The complainant in the case is Hyum Yi, who after the alleged offense, reportedly received counseling and other services from the SARA program. At a hearing on May 18, the court heard oral argument and took the matter under advisement. Subsequently, counsel for the Defendant has submitted an additional Memorandum of Law in opposition to the motion to quash.

In a long line of cases, beginning with *Cox v. Commonwealth*, 227 Va. 324 (1984), the Virginia Supreme Court and the Virginia Court of Appeals have attempted to define the parameters of the requirement of Rule 3A:12(b) that the requested writing or objects be "material to the proceedings." In *Gibbs v. Commonwealth*, 16 Va. App. 697, 700 (1993), the court held that materiality under the Rule was not synonymous with admissibility. In *Castelow v. Comonwealth*, 29 Va. App. 305 (1999), the Court held that materiality was not limited to exculpatory evidence. In *Farish v. Commonwealth*, 2 Va. App. 627, 630 (1986), the Court held that the Subpoena Duces Tecum could not be used as a "fishing expedition" in the hope that material information may be found.

In *Gibbs*, the court stated that "Materiality may be determined by the effect of a document on the preparation and presentation of an accused's case." *Id.* at 699. The Court then went on to list several ways a particular document could conceivably assist the defense. Using this definition of materiality, coupled with the limitations against "fishing expeditions" set forth in *Farish*, I conclude that to establish "materiality" as required in Rule 3A:12(b), there must be some articulation of how the writings or documentation sought are material, or as stated in *Farish*, there must be "a substantial basis for claiming" materiality.

Here, in oral argument, and in the supporting Memorandum of Law, counsel for the Defendant has taken the position that because the Defendant is charged with sexual offenses and because the complainant thereafter sought the services of the SARA program, the SARA records are automatically or *per se* "material" as required by the Rule. Counsel for the Defendant candidly admitted in oral argument that he has no idea what the requested records contain; he cannot represent that they contain anything exculpatory, that they contain any impeachment evidence, or that they contain any information at all which might be helpful to any theory of defense. In short, he wishes to "fish" through the records to determine if they can be useful to the defense. I do not believe Rule 3A:12(b) is intended for that purpose, nor do the appellate cases interpret it that way.

Accordingly, the motion to quash is granted.