## CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Carlotta J. Hayslett

April 30, 2003

Case No. CR03-137

BY JUDGE CHARLES N. DORSEY

I certainly appreciate the professional manner with which counsel handled the defendant's "Motion to Compel Disclosure." The certificate of handwriting analysis has been filed. The issue before the Court is whether the Commonwealth's handwriting expert must produce his writings and notes. The Commonwealth objects to disclosure on the basis that there has been no showing of "materiality" pursuant to Rule of Court 3A:11(b)(2) or Virginia Code § 19.2-187.2.[1]

To be material, evidence must tend "to establish a probability or improbability ... of a fact in issue." *Gibbs v. Commonwealth*, 16 Va. App. 697, 432 S.E.2d 514 (1993) (citation omitted). The defendant stands indicted on a charge of embezzlement. The certificate of analysis opines that the defendant signed as maker and endorser on forty-six business checks. The certificate of analysis also, however, opines that the defendant "can neither be identified nor eliminated as the writer of any other questioned signatures or entries on the fronts or backs of the checks."

---

[1] The standard of materiality in both is the same. Of course, if there were any variation, Article VI, Section 5, of the Constitution of Virginia and Virginia Code § 8.01-3, mandate that the legislative statute of the General Assembly take precedence over the Rule of Court.

"Materiality may be determined by the effect of a document on the preparation and presentation of an accused's case." *Gibbs v. Commonwealth*, 16 Va. App. 697, 432 S.E.2d 514 (citation omitted). To paraphrase, I cannot perceive a more material issue under the indictment pursuant to which defendant is being tried than whether the writings in question were in fact written entirely in her own hand. *Ellis v. Commonwealth*, 14 Va. App. 18, 414 S.E.2d 615 (1992). Without the requested information counsel for the defendant could not effectively exercise his right to cross-examine the handwriting analyst as contemplated by Virginia Code § 19.2-187.1.

> § 19.2-187.1. *Right to examine person performing analysis or involved in chain of custody.* The accused in any hearing or trial in which a certificate of analysis is admitted into evidence pursuant to § 19.2-187 or § 19.2-187.01 shall have the right to call the person performing such analysis or examination or involved in the chain of custody as a witness therein, and examine him in the same manner as if he had been called as an adverse witness. Such witness shall be summoned and appear at the cost of the Commonwealth.

I consequently order that the writings and notes made by the handwriting analyst be made available to counsel for the defendant. If they are not in the actual or constructive possession or control of the Commonwealth, leave is granted to counsel for the defendant to propound a subpoena duces tecum to obtain the same information or to use any other lawful process toward that end.