Commonwealth of Virginia

v.

Edwina Sierra Peoples

January 6, 2004

Case No. CR03003894

BY JUDGE MARC JACOBSON

On August 4, 2003, Elsie Turner was arrested and charged with the murder of Roosevelt Neville. The Norfolk Public Defender's Office was appointed to represent Turner. During the course of this representation, the Public Defender's Office allegedly obtained from Turner an audio tape of an answering machine message left by Edwina Peoples. The Commonwealth subsequently nolle prossed the charge of murder against Turner. On October 23, 2003, pursuant to Rule 3A:12 of the Rules of the Supreme Court of Virginia, the Commonwealth requested the issuance of a subpoena duces tecum for "any and all audio tapes of answering machine messages left for Elsie Turner by Edwina Peoples" in the possession of the Norfolk Public Defender's Office. It is this subpoena duces tecum that the Norfolk Public Defender's Office moves to quash.

The Public Defender opposes the issuance of the subpoena duces tecum on three grounds: (1) providing the tape would violate attorney-client privilege; (2) the audiotape constitutes attorney work product; and (3) the tape does not fall within discoverable material pursuant to Rule 3A:11(c) of the Rules of the Supreme Court of Virginia.

The Court does not consider the attorney-client privilege nor attorney work product doctrine to be applicable in the context of the instant matter.

There is no general constitutional right to discovery in a criminal case. *Strickler v. Commonwealth*, 241 Va. 482, 490-91, 404 S.E.2d 227, 233 (1991), *cert. denied*, 502 U.S. 944 (1991). Rule 3A:11(c) of the Rules of the

Supreme Court of Virginia governs the Commonwealth's right to discovery in a criminal case. "That subsection provides that if the court grants discovery to the accused, then upon motion the Commonwealth is entitled to the following: (1) written reports of autopsy examinations, ballistic tests, fingerprint, blood, urine, and breath analysis, and other scientific evidence that the accused intends to offer into evidence at trial; (2) a statement indicating whether the accused intends to introduce evidence of an alibi; and (3) if the accused intends to rely upon the defense of insanity or feeblemindedness, written reports of physical or mental examinations of the accused. There is no other provision for discovery by the Commonwealth in a criminal matter." *Newton v. Commonwealth*, 29 Va. App. 433, 440, n. 2, 512 S.E.2d 846, 849, n. 2 (1999). Since the audiotape does not fall within the provisions of this rule, it is not discoverable by the Commonwealth.

Rule 3A:12(b) allows for the issuance of a subpoena duces tecum for the production of writings or objects that are material to the proceedings and "in the possession of a person not a party to the action." The scope of a subpoena duces tecum is not limited to those objects that may be used at trial. *See Gibbs v. Commonwealth*, 16 Va. App. 697, 432 S.E.2d 514 (1993). However, a subpoena duces tecum may not be used as a " 'fishing expedition' in the hope of uncovering information." *Farish v. Commonwealth*, 2 Va. App. 627, 630, 346 S.E.2d 736, 738 (1986) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221 (1951)); *accord Commonwealth v. Won Kim*, 52 Va. Cir. 272, 272–73 (Alexandria 2000). Rule 3A:12(a) limits the issuance of subpoenas duces tecum, providing:

No subpoena or subpoena duces tecum shall be issued in any criminal case or proceeding, including any proceeding before any grand jury, which subpoena or subpoena duces tecum is (i) directed to a member of the bar of this Commonwealth or any other jurisdiction, and (ii) *compels production* or testimony *concerning any present or former client* of the member of the bar, unless the subpoena request has been approved in all specifics, in advance, by a judge of the circuit court wherein the subpoena is requested after reasonable notice to the attorney who is the subject of the proposed subpoena.

A Public Defender's Office is typically considered to be a law firm. *See, e.g., Commonwealth v. Strong*, 563 A.2d 579 (Pa. 1989); *State v. Hunsaker*, 873 P.2d 540 (Wash. 1994). The members of a law firm are generally treated as a single attorney. *See* 2 W. LaFave & J. Israel, *Criminal Procedure* § 11.9, at 76, n. 2 (1984); *see also, State v. Hatfield*, 754 P.2d 136, 138 (Wash. 1988).

Therefore, the Office of the Public Defender should be considered a "member of the bar" for the purposes of Rule 3A:12(a). The Commonwealth is requesting production of an audio tape currently in the possession of the Office of the Public Defender. The audio tape not only concerns Peoples, but also Turner, a former client of the Public Defender's Office; in fact, it is alleged that the Office of the Public Defender came into possession of the tape during its representation of Turner. Further, the subpoena duces tecum was issued on October 28, 2003, without prior approval of this Court.

For the above-stated reasons, the Motion to Quash the subpoena duces tecum is granted.