COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Beales and Senior Judge Bumgardner
Argued at Alexandria, Virginia


TOMMY L. HARMON, JR.

                                               MEMORANDUM OPINION* BY
v.        Record No. 0694-11-4                 JUDGE RUDOLPH BUMGARDNER, III
                                                    APRIL 10, 2012
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                                Randy I. Bellows, Judge

            Dawn M. Butorac, Deputy Public Defender, for appellant.

            Robert H. Anderson, III, Senior Assistant Attorney General
            (Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


        Tommy L. Harmon, Jr. appeals his conviction of taking indecent liberties with a minor,

Code § 18.2-370.  He contends the trial court erred in quashing subpoenas *duces tecum* for the

victim's mental health records.  The defendant also maintains the trial court failed to consider

mitigating evidence when determining sentence.  Finding no error, we affirm.

        The defendant pled guilty to taking indecent liberties with the fourteen-year-old victim.

Before the sentencing hearing, he requested subpoenas *duces tecum* for the victim's mental

health treatment records.  The Commonwealth moved to quash the subpoenas because the

information sought was not material to punishment.

        The defendant maintained the Commonwealth's attorney had no standing to file the

motion to quash.  He maintained the Commonwealth's attorney, by opposing the subpoena of the

victim's medical records, was representing the victim, a private citizen, and no statute authorized

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

her to represent individuals. The trial court rejected the defendant's argument that the Commonwealth had no standing to move to quash the subpoenas.

In filing a motion to quash, the Commonwealth's attorney was performing an elementary part of her duties during the trial of felony indictments. The defense had moved the trial court to exercise its discretionary power to require the production of documents material to the trial of the indictment. As with any request for the exercise of judicial discretion, the court is entitled to consider both the request and the opposing party's objection to it. The Commonwealth does not undertake the representation of the person about whom discovery is sought simply because the Commonwealth's interest in opposing disclosure comports with those of a victim or a witness.

Rule 3A:12(b)[1] outlines the criminal procedure for obtaining a subpoena *duces tecum*. While the criminal rule does not specify a procedure for raising an objection as found in the related civil rule, Rule 4:9A(c)(3),[2] the propriety of such a procedure is apparent.

---

[1] Rule 3A:12(b) provides:

> Upon notice to the adverse party and on affidavit by the party applying for the subpoena that the requested writings or objects are material to the proceedings and are in the possession of a person not a party to the action, the judge or the clerk may issue a subpoena duces tecum for the production of writings or objects described in the subpoena. . . .

> Any subpoenaed writings and objects, regardless by whom requested, shall be available for examination and review by all parties and counsel. Subpoenaed writings or objects shall be received by the clerk and shall not be open for examination and review except by the parties and counsel unless otherwise directed by the court. . . .

> Where subpoenaed writings and objects are of such nature or content that disclosure to other parties would be unduly prejudicial, the court, upon written motion and notice to all parties, may grant such relief as it deems appropriate, including limiting disclosure, removal and copying.

[2] Rule 4:9A(c)(3) specifically provides that the trial court may quash or modify a subpoena "upon written motion promptly made by the person so required to produce, or by the party against whom such production is sought[.]"

The issuance of the subpoena is discretionary, "the judge or clerk *may* issue." Rule 3A:12(b) (emphasis added). The applicant must give notice of the request to the adverse party. See id. All parties and counsel are entitled to examine and review the writing or objects, but the court on motion may limit disclosure. See id. There is no reason to give notice of a request for what is a discretionary grant or to anticipate balancing competing views on the extent of the disclosure of materials obtained unless the parties receiving notice are entitled to present their views and attempt to influence the decision made. Indeed, Nelson v. Commonwealth, 41 Va. App. 716, 727, 589 S.E.2d 23, 28 (2003), aff'd, 268 Va. 665, 604 S.E.2d 76 (2004), suggests that a purpose of the notice to an adverse party is to permit that party to move to quash a subpoena.

We find no basis to conclude that the Commonwealth lacked authority to move to quash the defendant's requests for subpoenas *duces tecum*. The Commonwealth in doing so was acting in its role as the attorney for the Commonwealth not as an attorney for a private citizen. Though the Commonwealth's attorney had specific responsibilities and duties to victims and witnesses of crimes, see Code § 19.2-11.01, the standing to move to quash the subpoenas *duces tecum* requested by the defendant was part of the basic duties of that office: "the duty of prosecuting all warrants, indictments or informations charging a felony." Code § 15.2-1627. The trial court correctly ruled that the Commonwealth had standing to file a motion to quash.

The defendant next argues that the trial court erred in granting the Commonwealth's motion to quash. "In a criminal proceeding, either the defendant or the Commonwealth may apply for a subpoena to obtain writings and objects that are material to the proceedings and in the possession of a third party." Gibbs v. Commonwealth, 16 Va. App. 697, 699, 432 S.E.2d 514, 515 (1993). "When a defendant seeks disclosure of evidence, the standard to be applied in determining its materiality is whether 'a substantial basis for claiming materiality exists.'" Cox

v. Commonwealth, 227 Va. 324, 328, 315 S.E.2d 228, 231 (1984) (quoting United States v. Agurs, 427 U.S. 97, 106 (1976)). However, "[a] subpoena duces tecum should not be used when it is not intended to produce evidentiary materials but is intended as a 'fishing expedition' in the hope of uncovering information material to the defendant's case." Farish v. Commonwealth, 2 Va. App. 627, 630, 346 S.E.2d 736, 738 (1986) (citing Bowman Dairy Co. v. United States, 341 U.S. 214, 221 (1951)).

"[W]e review a trial court's decision regarding a motion to quash the issuance of a subpoena duces tecum 'under an abuse of discretion standard.'" Schwartz v. Commonwealth, 45 Va. App. 407, 450, 611 S.E.2d 631, 652 (2005) (quoting America Online, Inc. v. Anonymous Publicly Traded Co., 261 Va. 350, 359, 542 S.E.2d 377, 382 (2001)). Moreover, a "trial court's refusal to issue a subpoena duces tecum . . . is not reversible error absent a showing of prejudice." Gibbs, 16 Va. App. at 701, 432 S.E.2d at 516.

Initially, the defendant anticipated the Commonwealth would present at the sentencing hearing medical evidence that the victim suffered Post Traumatic Stress Disorder (PTSD) because of the crime against her. The mother's letter attached to the pre-sentence report had recounted medical opinions she received about the impact the crime had on her daughter. The defendant wanted the records to "investigate" the victim's mental health condition because he did not feel his acts could have caused PTSD.

The trial court granted the motion to quash because the Commonwealth was only calling the mother to testify about the impact of the crime on the victim. The Commonwealth was not calling for any medical evidence. The trial court stated that it would reconsider the ruling and permit the defendant to raise the issue again if it found that the defendant did not have a sufficient basis upon which to cross-examine the victim's mother.

At the sentencing hearing, the mother testified about the changes that she observed in the victim's behavior, and the residual effects on their family. No medical evidence was presented about the victim's condition. Cross-examination revealed the victim had experienced both developmental and mental health issues before the incident. The defendant did not then renew his request for the mental health records or claim he was unable to present his defense.

The defendant failed to demonstrate that the records he sought by subpoena were material to the proceedings of which he was convicted and later sentenced. The defendant sought the records to enable him to demonstrate that the victim's mental status at the time of sentencing was not totally caused by his crime against her. The evidence at sentencing did not address the victim's mental status but only her conduct and behavior as observed and recounted by her mother. The mental condition of the victim never became an issue; it was not argued, nor was it a factor, in fixing sentence. The records sought never became material. Indeed, the defendant makes no showing of prejudice. Thus, the trial court did not abuse its discretion in quashing the subpoena.

Finally, the defendant maintains the trial court only considered the gravity of the offense when determining sentence and disregarded his mitigating evidence. He contends he is entitled to a new sentencing hearing.

"It is well settled that when the maximum punishment is prescribed by statute, 'and the sentence [imposed] does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion.'" Valentine v. Commonwealth, 18 Va. App. 334, 339, 443 S.E.2d 445, 448 (1994) (quoting Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977)). Furthermore, the sentencing guidelines "are not binding on the trial judge; rather, the guidelines are merely a 'tool' to assist the judge in fixing an appropriate punishment." Belcher v. Commonwealth, 17 Va. App. 44, 45, 435 S.E.2d 160, 161 (1993) (citation omitted). A judge's

failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). <u>See</u> <u>Hunt v. Commonwealth</u>, 25 Va. App. 395, 405, 488 S.E.2d 672, 677 (1997).

Before passing sentence, the trial court emphasized the seriousness of the offense committed. It specifically addressed two of the arguments made by the defense in mitigation of the offense: the brevity of the incident and the victim being almost fifteen years old. The trial court explained that it did not feel either of those claims undermined the seriousness of the criminal acts committed against the victim. It also gave reasons for exceeding the sentencing guidelines: "gravity of the offense" and "failure to truly accept responsibility -- essentially blames victim for his own misconduct."

Contrary to the defendant's contention, the record does not reflect the trial court refused to consider any of the mitigating facts or circumstances presented on his behalf. The sentence imposed by the trial court was within the range set by the legislature. <u>See</u> Code §§ 18.2-10 and 18.2-370. We find the trial court carefully exercised it discretion when sentencing the defendant. Accordingly, we affirm.

<u>Affirmed.</u>