Present: Hassell, C.J., Lacy, Keenan, Koontz, Lemons, and Agee, JJ., and Compton, S.J.

JOHN BYRD NELSON

v.    Record No. 040028

COMMONWEALTH OF VIRGINIA

OPINION BY
SENIOR JUSTICE A. CHRISTIAN COMPTON
November 5, 2004

FROM THE COURT OF APPEALS OF VIRGINIA

In this criminal appeal, we have limited our review to two issues: Whether the Court of Appeals of Virginia erred in ruling that the trial court properly reviewed sensitive medical records <u>in camera</u> and refused to allow examination of the records by the defendant; and, whether the Court of Appeals erred in ruling that the trial court correctly declined to conduct a hearing regarding allegations of a juror's possible bias.

Defendant John Byrd Nelson was found guilty in September 2002 by a jury in the Circuit Court of the City of Newport News of the following felonies: three counts of forcible sodomy, in violation of Code § 18.2-67.1(A)(1); one count of taking indecent liberties with a child under the age of 14 years, in violation of Code § 18.2-370(A)(1); and one count of object sexual penetration of a child less than 13 years of age, in violation of Code § 18.2-67.2(A)(1).

When these offenses were committed on August 25, 2000, the defendant was 69 years of age and the male victim was 12 years of age.

Confirming the jury's verdicts, the trial court sentenced defendant to a total of 45 years in prison in October 2002 judgment orders, from which the defendant appealed. Upon review, the Court of Appeals affirmed the convictions. Nelson v. Commonwealth, 41 Va. App. 716, 589 S.E.2d 23 (2003). We awarded defendant this appeal, limited to consideration of the foregoing issues.

First, the defendant contends that the "Court of Appeals erred in affirming the trial court's refusal to make subpoenaed records available to the defense." The issue arose in the following manner.

Prior to trial, the defendant, by his attorney, requested that a subpoena duces tecum under Rule 3A:12(b) be issued for the production of all records in the possession of Dr. Alan Rountree, a nonparty, pertaining to the mental and physical examination and treatment of the victim. The request, which asked that the records be produced before the clerk of court, stated that the documents "are relevant and material to the proceedings."

In an affidavit filed with the request, counsel asserted that the victim "suffers from a mental condition which causes

2

him to have visual and auditory hallucinations," for which Dr. Rountree, a Hampton physician, had treated him following the offenses.  The affidavit also asserted that access to the medical records was "necessary for potential impeachment at trial, a determination of [the victim's] competence to testify as a witness, and otherwise in the defense of this case."

Following production of the records, the court reviewed them in camera at the request of the prosecutor, and ordered them sealed.  The defendant then moved for "the opportunity to review those records," relying on the provisions of Rule 3A:12(b).

During a hearing on the defendant's motion, the trial judge denied it.  Stating that she had "looked at these records very carefully," the judge said "it would be highly prejudicial to the victim to release that information."  She noted that defense counsel would have "an ethical obligation" to reveal the contents to his client, which, she said, would not be "appropriate."  Concluding, the court said the records were not "material at all" to defendant's case.  The sealed documents are part of the record on appeal.

Rule 3A:12(b) deals, in part, with a subpoena duces tecum for production of documentary evidence before a circuit court. As pertinent to this case, the subparagraph provides:

3

"Upon notice to the adverse party and on affidavit by the party applying for the subpoena that the requested writings . . . are material to the proceedings and are in the possession of a person not a party to the action, the judge or the clerk may issue a subpoena duces tecum for the production of writings . . . described in the subpoena. . . .

"Any subpoenaed writings . . . , regardless by whom requested, shall be available for examination and review by all parties and counsel.  Subpoenaed writings . . . shall be received by the clerk and shall not be open for examination and review except by the parties and counsel unless otherwise directed by the court. . . .

"Where subpoenaed writings . . . are of such nature or content that disclosure to other parties would be unduly prejudicial, the court, upon written motion and notice to all parties, may grant such relief as it deems appropriate, including limiting disclosure, removal and copying."

The defendant focuses on the Rule's language in the second paragraph quoted above, while ignoring the language of the third paragraph.  He emphasizes the provision that the subpoenaed writings "shall be available for examination and review by all parties and counsel," and the provision that the records "shall not be open for examination and review except by the parties and counsel."  This language, he says, gives the parties and counsel "an absolute right to review and examine records produced."  According to defendant, the purpose of the Rule's next clause in that paragraph, "unless otherwise directed by the court," is to specify that the

4

records are not to be open to the public unless otherwise directed by the trial court.

The defendant argues that the trial court "apparently determined" that the Rountree records lacked evidentiary value to the defense and "ruled that they were, therefore, not material." He opines that the trial judge acceded to the prosecutor's "request for sealing subpoenaed records and in camera inspection based upon her view that the victim's privacy concerns were more important than the preparation of Mr. Nelson's defense." Nevertheless, the defendant contends, "not only Mr. Nelson's attorney, but John Nelson himself was entitled to review and examine the records of Dr. Rountree."

According to the defendant, a victim's privacy concerns are logically addressed by the showing of materiality at the time of the trial court's threshold decision to grant or deny issuance of the subpoena, and by the specific provisions of the second paragraph which, in defendant's words, "strictly limit any dissemination of information produced other than to the parties and counsel."

Defendant argues that the Rountree records were material to his defense. He says that another physician, who treated the victim prior to these offenses and who

testified at defendant's first trial, which ended in a hung jury, changed his testimony during the instant, second trial.  That physician, according to the defendant, revised his medical opinion based upon information developed during the period of Rountree's treatment of the victim, making those records vital to the defense.

Therefore, defendant contends, the trial court erred in refusing his motion to examine the records, and the Court of Appeals erred in failing to reverse the trial court.  We disagree.

The Rule's language in question is clear and unambiguous.  In the second quoted paragraph of subsection (b), subpoenaed writings are "available" for examination and review by all parties to the case and counsel.  And, consistent with that provision, the writings "shall not be open for examination and review except by the parties and counsel."  However, if "otherwise directed by the court," persons who are not parties to the case may be entitled to examine and review the documents, in the trial court's discretion.  In other words, as the Court of Appeals noted, that provision generally prohibits nonparties' "access to subpoenaed

documents, 'unless otherwise directed by the court.' "

Nelson, 41 Va. App. at 727, 598 S.E.2d at 28.

The Rule's third quoted paragraph, however, applies under the circumstances of this case. In plain language, the paragraph means that when subpoenaed documents "are of such nature or content that disclosure to other parties would be unduly prejudicial," the trial court, in the exercise of its discretion "as it deems appropriate," may limit disclosure. The trial court's power to limit applies to the persons directly involved in the case, and not just nonparties as the defendant contends.

Manifestly, as the Court of Appeals said, the foregoing provision "makes sense only if it refers to the court's authority to limit the access of the parties in the case, as people who are not parties generally are not allowed access to any subpoenaed documents" under the second paragraph. Id. at 726, 598 S.E.2d at 28.

In the exercise of discretion to limit or deny access, a trial court must determine whether the documents not disclosed are material to the case of the party moving for access. Contrary to the defendant's argument, a threshold determination of materiality is not made at the time the subpoena duces tecum is issued. Indeed, when a party requests issuance of such a

subpoena, the trial court is not aware of the contents of the subpoenaed writings. As the Attorney General argues, "the threshold showing of materiality necessary for the issuance of the subpoena does not automatically translate into the materiality that compels a court to turn the documents over to the requesting party."

In the present case, as requested by the Attorney General (but not the defendant), we have examined the sealed documents. We agree with the trial court and the Court of Appeals that they are not material to the defendant's case and that he has not been prejudiced by their non-disclosure. See id. at 728-29, 589 S.E.2d at 29.

The second issue we shall address relates to possible juror bias. During the second day of defendant's trial, the prosecutor reported to the judge that when "court was over yesterday," he had received a voice mail message from the foster mother of the victim. The prosecutor represented that she said she knew one of the jurors who was her "direct supervisor" at the foster mother's place of employment "over two years ago" and before the victim "came to live with her."

The foster mother told the prosecutor that "at no time" did the victim "ever meet" or "come in contact"

8

with the juror, and that the juror does not know the victim. She stated to the prosecutor that she saw the juror "in the courtroom yesterday," and that the two "made eye contact and smiled." At that time, the foster mother said, the victim was not sitting with her, but was sitting with his father and stepmother.

The foster mother told the prosecutor that she "doesn't even believe [the juror is] aware of any relationship between her" and the victim. The prosecutor related to the court: "She's not a witness in this case but she was concerned that it might mean something." The prosecutor reminded the court that during voir dire, when the victim "stood up with the other witnesses, all the jurors indicated that they did not know any of the witnesses."

Following the prosecutor's report, defendant's attorney stated: "I think the Court should inquire of the juror about the matter;" later, counsel moved for a mistrial. The trial court denied the request and the motion.

On appeal, defendant "asserts that under the facts of this case he was entitled to have the Court make inquiry of the juror." He argues that the "Court of Appeals erred in affirming the trial court's failure to

9

inquire or otherwise act with respect [to] the qualifications of a juror known personally by the foster mother of the alleged victim, thus depriving the defendant of his right to an unbiased and impartial jury."  We disagree.

We concur with the Court of Appeals' view that the defendant's allegation of possible juror bias is supported only by a "series of speculative links:" the possible recognition by the juror of the foster mother, which possibly could lead to an understanding that she was the victim's foster parent, which could have caused the juror to recall possibly positive impressions of the foster mother from a past working relationship, and those impressions could have possibly biased the juror against the defendant, such that the juror would "ignore the trial court's instructions to evaluate the evidence and apply the law impartially."  Nelson, 41 Va. App. at 730-31, 589 S.E.2d at 30.

In sum, the alleged connection between the foster mother and the juror was too tenuous to require the court to conduct a hearing mid-trial.  There was no abuse of discretion by the trial court, and the Court of Appeals correctly so ruled.

Consequently, the judgment of the Court of Appeals will be

Affirmed.