COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Haley
Argued at Chesapeake, Virginia


THOMAS LEE JOHNSON

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 2421-04-1                  JUDGE LARRY G. ELDER
                                                    NOVEMBER 22, 2005
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                           Carl E. Eason, Jr., Judge

              Barrett R. Richardson (Richardson and Rosenberg, LLC, on brief),
              for appellant.

              Virginia B. Theisen, Assistant Attorney General (Judith Williams
              Jagdmann, Attorney General, on brief), for appellee.


        Thomas Lee Johnson (appellant) appeals from his jury trial convictions for first-degree

murder, robbery, and conspiracy to commit robbery.  On appeal, he contends the trial court erred

in denying his motion to discharge a juror for cause when she indicated her desire, mid-trial, to

give appellant a Bible, saying she "[didn't] think his trial's going well for him" because "the

witnesses that have come forward . . . have not spoken for him."  On the facts of this case, we

hold the trial court did not abuse its discretion in concluding the juror (1) did not improperly

place on appellant a burden of producing evidence, (2) had not prematurely made up her mind

about appellant's guilt, and (3) remained suitably impartial.  Thus, we affirm the challenged

convictions.[1]

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Although appellant claimed at trial that Juror Davis's actions tainted the other jurors, he
does not make that claim on appeal.

A defendant is

> "entitled to a fair trial, but not a perfect one." Lutwak v. United States, 344 U.S. 604, 619, 73 S. Ct. 481, 490, 97 L. Ed. 593 (1953). "One touchstone of a fair trial is an impartial trier of fact--'a jury capable and willing to decide the case solely on the evidence before it.'" McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 554, 104 S. Ct. 845, 849, 78 L. Ed. 2d 663 (1984) (quoting Smith v. Phillips, 455 U.S. 209, 217, 102 S. Ct. 940, 946, 71 L. Ed. 2d 78 (1982)). "Through voir dire and other competent evidence, the trial court must examine the venirepersons for signs of a mind set that '"would prevent or substantially impair the performance of [the] duties [of] a juror in accordance with his instructions and his oath."'" Swanson v. Commonwealth, 18 Va. App. 182, 185, 442 S.E.2d 702, 704 (1994) (quoting Satcher v. Commonwealth, 244 Va. 220, 236, 421 S.E.2d 821, 831 (1992)).

Nelson v. Commonwealth, 41 Va. App. 716, 731, 589 S.E.2d 23, 30 (2003) (citations omitted), aff'd, 268 Va. 665, 604 S.E.2d 76 (2004).

"When the issue [of impermissible juror bias] arises from a 'midtrial' challenge to a juror's impartiality, we 'will reverse the trial court's decision only for an abuse of discretion,' applying the 'same standard' of review appropriate to appellate consideration of a decision to seat a venireperson." Green v. Commonwealth, 26 Va. App. 394, 401, 494 S.E.2d 888, 891 (1998) (quoting Hunt v. Commonwealth, 25 Va. App. 395, 399, 488 S.E.2d 672, 674 (1997)), quoted with approval in Nelson, 41 Va. App. at 731, 589 S.E.2d at 30-31. Whether a juror remains fair and impartial is a question of fact to be resolved by the trial court, see Watkins v. Commonwealth, 229 Va. 469, 480, 331 S.E.2d 422, 431 (1985); Lewis v. Commonwealth, 211 Va. 80, 82-83, 175 S.E.2d 236, 238 (1970), based on the record as a whole rather than isolated portions of it, Vinson v. Commonwealth, 258 Va. 459, 467, 522 S.E.2d 170, 176 (1999). Upon appellate review, we must give deference to the trial court's decision regarding whether a juror is impartial because the trial court "'sees and hears the juror.'" Eaton v. Commonwealth, 240 Va. 236, 246, 397 S.E.2d 385, 391 (1990) (quoting Wainwright v. Witt, 469 U.S. 412, 426, 105

S. Ct. 844, 853, 83 L.Ed.2d 841 (1985)). Accordingly, we will disturb the trial court's decision regarding juror impartiality "only upon a showing of manifest error." Weeks v. Commonwealth, 248 Va. 460, 475, 450 S.E.2d 379, 389 (1994); see Vinson, 258 Va. at 467, 522 S.E.2d at 176.

The record as a whole supports the trial court's finding that Juror Linda Davis remained fair and impartial at the time appellant moved to strike her from the panel. When the incident at issue arose, both the Commonwealth and appellant had offered evidence and had rested their cases. The court had instructed the jurors prior to trial that they were not to begin deliberations or "make any *decision* in your mind as to the innocence or the guilt of Mr. Johnson" until instructed to do so. (Emphasis added). Although the jury had not yet been charged or begun its deliberations when the incident at issue occurred, it would be unreasonable, as the trial court itself noted, to require the jurors to have formed *no impression whatever* regarding the quantity and quality of the evidence after all the evidence had been heard.

Upon questioning by the court, Juror Davis indicated she had not made any determination regarding appellant's guilt or innocence, saying she had "prayed about it" and was "still listening." She affirmed her understanding that the jury was to make its decision based on the evidence introduced in court and said she could continue to be fair and impartial. The court was entitled to conclude Juror Davis's request to give appellant a Bible accompanied by a note that its words would set him free was merely an expression of her religious beliefs in a way she believed would be helpful to appellant rather than an indication that she had already concluded he was guilty of the charged offenses.

Juror Davis's statement that she did not think "[appellant's] trial's been going well for him" "because . . . the witnesses that have come forward" "have not spoken for him" does not compel a different result. Appellant argues these statements indicate Juror Davis improperly

allocated to him the burden of proving his innocence. Again, the record, taken as a whole, supports the trial court's finding to the contrary.

When Juror Davis made this statement, both the Commonwealth and the defense had rested. The Commonwealth had presented numerous witnesses, including an alleged co-conspirator, Marsha Whitfield, who testified appellant had confessed to robbing and beating the victim. The defense presented only one witness, Carolyn Deans. Deans testified merely that, while she was incarcerated with Whitfield, she overheard Whitfield admit a greater role in the crime than Whitfield had admitted on examination in the Commonwealth's case-in-chief, but Deans's testimony did not absolve appellant of guilt. Thus, aside from any credibility determination, Juror Davis's statement that "the witnesses that have come forward" "have not spoken for [appellant]" was factually accurate and constituted a layman's recognition that the Commonwealth had presented a prima facie case.

In light of Davis's testimony that she remained impartial, had not made any determination regarding appellant's guilt or innocence, and understood the jury's "decision is to be made from the evidence that is produced from the witness stand and *applied to the law*," the record supported the trial court's conclusion that Juror Davis's statement did not constitute an impermissible shift in the burden of proof to appellant. (Emphasis added).

The facts in appellant's case are distinguishable from those in Haddad v. Commonwealth, 229 Va. 325, 329 S.E.2d 17 (1995), upon which appellant relies. Haddad involved a juror in a criminal trial who engaged two defense attorneys in conversation during a lunch break, which occurred during a break in the Commonwealth's case-in-chief. Id. at 327, 329 S.E.2d at 18. The juror asked the attorneys, who were not involved in Haddad's case, "Doesn't it make you feel guilty when you get somebody off on a criminal charge?" and told them his "client" was "not going to get off." Id. at 327-28, 329 S.E.2d at 18-19. The Supreme Court held the juror's

- 4 -

statement tended to indicate he was no longer impartial despite his earlier promise to the court that he could keep an open mind until the case was completed. Id. at 330-31, 329 S.E.2d at 20. Thus, "[t]he facts developed brought into question the fairness of the trial and disclosed circumstances that could tend to impair public confidence in trial by jury." Id. at 331, 329 S.E.2d at 20.

In appellant's case, by contrast, Juror Davis made no statement that she believed appellant was guilty or would be convicted. Rather, she stated merely that the "witnesses have not spoken for [appellant]." Davis's statement was factually accurate and did not indicate a premature conclusion regarding how she planned to apply the law to the evidence. Thus, the record supports the trial court's findings that Juror Davis did not improperly place on appellant a burden of producing evidence, had not made up her mind about appellant's guilt, and remained suitably impartial.

For these reasons, we hold the trial court did not abuse its discretion in concluding the juror did not improperly place on appellant a burden of producing evidence, had not prematurely made up her mind about appellant's guilt, and remained suitably impartial. Accordingly, we affirm the challenged convictions.

Affirmed.